SAND SPRINGS PARK v. SHRADER.

No. 10818— Opinion Filed Feb. 13, 1923.

(Syllabus.)

Appeal and Error—Failure to File Brief— Reversal.

Where plaintiff in error has served and filed his brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed, appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the petition in error.

Error from District Court, Tulsa County.

Action by Nellie R. Shrader against Sand Springs Park, a corporation. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Stuart, Cruce & Bland, Paul P. Pinkerton, and E. J. Doerner, for plaintiff in error.

NICHOLSON, J. This was an action for the appointment of a receiver for the properties of the plaintiff in error, and also a proceeding in aid of execution to discover assets belonging to the plaintiff in error, in an attempt to realize on a judgment in favor of the defendant in error. A receiver was appointed, whereupon the plaintiff in error moved the court to set aside and vacate the order appointing the receiver. This motion was overruled, and from the order refusing to vacate and set aside the order appointing a receiver, the plaintiff in error has appealed, and has served and filed its brief in compliance with the rules of this court. The defendant in error has neither filed a brief nor offered any excuse for her failure to do so.

It has been uniformly held by this court, that where the defendant in error has failed to file a brief in accordance with the rules of this court, the court is not required to search the record to find some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the judgment and remand the cause in accordance with the prayer of the petition in error. Chicago, R. I. & P. Ry. Co. v. Weaver, 67 Okla. 293, 171 Pac. 34, and cases there cited; Lawton National Bank v. Ulrich, 81 Okla. 159, 197 Pac. 167.

The brief of the plaintiff in error and the authorities cited therein appear reasonably to sustain the assignments of error; therefore the judgment of the trial court is reversed, and the cause remanded for a new trial.

JOHNSON, V. C. J., and KANE, KENNAMER, BRANSON, and COCHRAN, JJ., concur.