## BURKE v. UNGER, Adm'r.

No. 10753—Opinion Filed Feb. 13, 1923.

(Syllabus.)

1. **Executors and Administrators — Presentation of Claim.**

Section 6339, Rev. Laws 1910, provides that every claim which is due when presented to the administrator, must be supported by the affidavit of the claimant or some one in his behalf, that the amount is due, that no payments have been made which are not credited, and that there are no offsets, to the knowledge of the claimant or affiant; and further provides that "when the affidavit is made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by claimant." Held, that where an affidavit was made by an attorney and he gave no reason why it was not made by the claimant, the claim having been rejected, an action could not be maintained thereon and a petition based on such rejected claim did not state a cause of action.

2. **Limitation of Actions—Petition Fatally Defective.**

Where the petition states no cause of action whatever, the filing thereof will not arrest the running of the statute of limitations.

3. **Same.**

Where an action was brought against an executrix on a claim, the affidavit supporting which was fatally defective, and because thereof the plaintiff dismissed his action without prejudice, presented another claim to the executrix, which was rejected, and brought suit thereon, and where more than seven years had elapsed between the maturity of the notes constituting the claim and the filing of the second action, held, that the statute of limitations barred a recovery, and that the new action did not come within the saving provisions of section 4662, Rev. Laws 1910.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by James A. Burke against Ernest R. Unger, Administrator of Estate of J. P.

Soliss, deceased, to recover on promissory notes. Judgment for defendant, and plaintiff appeals. Affirmed.

Smith & Walker, for plaintiff in error.

Burke & Swan, for defendant in error.

NICHOLSON, J. This was an action by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover upon a claim against the estate of John P. Soliss, deceased, of which the defendant is administrator. To the petition the defendant interposed a demurrer on the ground that said petition shows on its face that the notes made the basis of plaintiff's cause of action are barred by the statute of limitations. This demurrer was by the court sustained, the plaintiff elected to stand upon his petition, and from the judgment sustaining said demurrer and dismissing the cause has appealed.

The allegations of the petition, which it is necessary to notice, briefly summarized, are that the Sapulpa & Interurban Railway Company, a corporation, B. C. Burnett, B. B. Burnett, Ed C. Reynolds, F. W. Turner, H. H. McFann, and J. P. Soliss made, executed and delivered to P. J. McNerney and M. C. Burke two promissory notes, one for the sum of $1,012, bearing date July 1, 1910, and maturing one year after date, and one for the sum of $1,721.30, bearing date October 1, 1910, and maturing one year after date; both of said notes bearing interest at the rate of ten per cent. per annum from date until paid; that both of said notes remained due and unpaid; that said J. P. Soliss died testate on April 5, 1912, and Mary Soliss was duly appointed and duly qualified as executrix of his will; that on September 9, 1912, said two notes were presented to said executrix in the form of a creditor's claim, and said claim was by her disallowed; that on December 7, 1912, said McNerney and Burke commenced an action in the district court of Creek county against the Sapulpa and Interurban Railway, B. C. Burnett, B. B. Burnett, Ed. C. Reynolds, F. W. Turner, H. H. McFann, and Mary Soliss, executrix of the will of J. P. Soliss, deceased, to recover the amounts due on said notes; that said action was prosecuted to judgment against all of the defendants named, except Ed C. Reynolds and Mary Soliss, executrix, and that said cause was continued as to them; that thereafter, and on May 22, 1914, said McNerney and Burke assigned all their interest in said judgment and the notes and claim to the plaintiff; that on the 12th day of February, 1919, said cause came on for trial as between the plaintiff

herein and the defendant, as successor of Mary Soliss, executrix; that plaintiff offered in evidence the creditor's claim composed of said two notes, presented to and disallowed by said executrix, and that the defendant objected to the introduction thereof on the ground .that the verification of said claim was made by R. B. Thompson, one of the attorneys for claimant, and no reason was given in the verification why the claim was verified by Thompson instead of one of the claimants; that the court sustained said objection, denied plaintiff leave to amend the verification so as to show that the claimants were absent from Creek county when said verification was made, overruled plaintiff's motion for a continuance of said cause in order that claimants might present said claim to the defendant upon a sufficient verification, and thereupon, because of the technical defects in the verification of said claim plaintiff moved and was granted a nonsuit of said action without prejudice to another action.

It was further alleged that said action was commenced in due time and that plaintiff failed in said action otherwise than upon the merits, and has commenced this new action within one year from the failure thereof. It was further alleged that administration of the estate of J. P. Soliss, deceased, had not been closed and no decree of distribution had been made therein; that on the 11th day of February, 1919, plaintiff presented said claim to said defendant who disallowed the same. The claim as presented was attached to the petition as an exhibit. It was further alleged that no notice to creditors was ever given or published by either Mary Soliss, executrix, or the defendant.

The question for determination is whether or not the claim as presented to the executrix in the first instance was sufficient upon which to base a cause of action. If it was, then plaintiff failed in the first action otherwise than upon the merits, and by the provisions of section 4662, Rev. Laws 1910, might commence a new action within one year from such failure; but if the claim as first presented was insufficient upon which to base his action, then the petition in the first action stated no cause of action, and the filing thereof did not arrest the running of the statute of limitations.

By the provisions of section . 6339, Rev. Laws 1910, every claim which is due when presented to the administrator must be supported by the affidavit of the claimant, or someone in his behalf, that the amount is justly due; that no payments have been made thereon which are not credited, and that there are no offsets to the same to the knowledge of the claimant or affiant; and where the affidavit is made by a person other than the claimant he must. set forth in the affidavit the reason why it is not made by the claimant.

The affidavit to the claim made the basis of the first action was not made by the claimant, but by Rufus B. Thompson, one of his attorneys, and is as follows:

"State of Oklahoma, Creek County, ss.

"Rufus B. Thompson, being duly sworn, on his oath, says that the above and foregoing account against the estate of John P. Soliss, deceased, amounting to $3,502.60, together with 10 per cent. interest from the 15th day of August, 1912, is just, after allowing all just credits and offsets, and is now due and unpaid.

"Rufus B. Thompson."

It will be observed that the affidavit does not show the reason why it was not made by the claimant.

Plaintiff admits the insufficiency of the verification, but insists that it is a technical defect merely, and relates to the integrity and body of the verification itself and does not tend to impeach the good faith and validity of the notes constituting the claim; that the cause of action constituted by the claim was in no sense changed by said defective verification; that it was a mistake in procedure only, and that the nonsuit taken on account thereof was a failure otherwise than on the merits.

In considering this question it must be borne in mind that the action was upon the claim as presented to the executrix and not upon the notes made the basis of the claim. The statute requires that the claim must be supported by the affidavit of the claimant or someone in his behalf, and when made by a person other than the claimant, he must set forth in the affidavit the reason why it is not made by the claimant. These requirements of the statute are imperative (18 Cyc. 485), and the plaintiff must show at least a substantial compliance with each requirement of the statute. It is a necessary prerequisite that a claim properly verified must be presented to the executor or administrator. Suit could not be maintained upon a claim which had not been presented and rejected by the administrator, neither could suit be maintained upon a rejected claim which was not supported by the affidavit required, and if the affidavit is fatally defective it amounts to no affidavit whatever. The cause of action

must be upon a rejected claim which was supported by a proper affidavit. Our views in this regard are supported by Perkins v. Onyett, 24 Pac. 1024, wherein the Supreme Court of California, in construing section 1475 of the California Code, which is identical with section 6339, Rev. Laws 1910, held that where an affidavit was made by an agent and gave no reason therefor, and further stated that there were no credits, etc., to the knowledge of the claimant, instead of to the knowledge of the affiant, the claim having been rejected, an action could not be maintained thereon. This case was followed in Maier Packing Co. v. Frey (Cal.) 89 Pac. 875.

As plaintiff's first action was based upon a claim supported by an affidavit which was fatally defective, the petition did not state a cause of action, and did not arrest the running of the statute of limitations, and the new action did not come within the saving provisions of section 4662, Rev. Laws 1910; 25 Cyc. 1309, and cases there cited; Missouri, K. & T. Ry. Co. v. Bagley, 65 Kan. 188, 69 Pac. 189; Becker v. Atchison, T. & S. F. Ry. Co. (Kan.) 78 Pac. 408.

The claim sued upon in this last action was presented to the administrator on February 11, 1919, more than seven years after the notes made the basis of the claim had matured, and inasmuch as the petition in the first action did not state a cause of action, the pendency of that action did not arrest the running of the statute of limitations, and section 4657, Rev. Laws 1910, barred a recovery; this appearing upon the face of the petition, the trial court did not err in sustaining the demurrer thereto.

The judgment is affirmed.

All the Justices concur, except PITCHFORD, C. J., and HARRISON, J., not participating.