**MORRISSEY et al. v. HURST et al.**

No. 12142—Opinion Filed Sept. 23, 1924.

(Syllabus.)

1. **Judgment—Vacation—Lack of Process —Proof.**

Relief against a judgment rendered without service of summons on the defendant may be had under the third subdivision of section 810, Comp. Stat. 1921, and evidence dehors the record is admissible to show lack of service and want of jurisdiction.

2. **Limitation of Actions—Process—Service on Person "United in Interest" as Commencement of Action.**

The maker of a note secured by a mortgage upon real estate and a subsequent purchaser of the mortgaged premises, who has assumed and agreed to pay the debt, are not joint-contractors or otherwise united in interest within the meaning of section 187. Comp. Stat. 1921, so that service on one of them will constitute the commencement of the action as to the other.

3. **Same—Right to Commence New Action in Year After Failure of First Action.**

The saving provision of section 190, Comp. Stat. 1921, which provides that where an action is commenced within due time and the plaintiff fails in said action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff may commence a new action within one year after such failure, has no application where the steps taken in the original action were insufficient to commence the action.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Dan Morrissey against O. A. Hurst, Leona Hurst, and others; cross-petition by Emma B. Young. Judgment for the Hursts. and plaintiff and Young bring error. Affirmed.

Morgan & Deupree and B. O. Young, for plaintiffs in error.

Everest, Vaught & Brewer and Horton & Horton, for defendants in error.

NICHOLSON, J. This was an action by Dan Morrissey, as plaintiff, against O. A. Hurst, Leona Hurst, and various other persons, as defendants, to recover the amount due on a certain promissory note made, executed, and delivered by the defendants Hurst to the plaintiff, and for the foreclosure of a real estate mortgage securing the payment of said note. Personal judgment was sought against the Hursts on the note, and also against the defendant W. H. Phillips, who was a subsequent purchaser of the premises, and who had assumed and agreed to pay the mortgage debt. Summons was issued for the defendants O. A. and Leona Hurst, on August 24, 1917, directed to the sheriff of Canadian county, and was returned on September 5, 1917, showing personal service on them.

The defendant Emma B. Young filed answer and cross-petition, alleging that she was the owner of a note and mortgage for the sum of $2,950, executed by defendant W. H. Phillips to O. A. Hurst, and by said Hurst sold, indorsed, and assigned to her; said note being dated March 5, 1909, maturing three years after date, but which had been renewed and extended to March 15, 1913, and prayed judgment against Phillips, Hurst, and I. M. Putnam (an indorser of said note), and for the foreclosure of her mortgage as a second lien upon the premises. On February 1, 1918, judgment was rendered in favor of the plaintiff and against the defendants, the Hursts and Phillips, by default, and on February 13, 1918, judgment was rendered in favor of Emma B. Young on her cross-petition against Putnam, the Hursts, and Phillips. An order of sale was issued, and the property sold at sheriff's sale for the sum of $1,000, which sale was confirmed on September 14, 1918; on April 6, 1920, execution was issued to the sheriff of Oklahoma county upon the deficiency judgment against the Hursts, and this ex-

ecution was levied upon certain real estate belonging to them. Thereupon the Hursts filed separate motions to vacate the judgment. By these motions they appeared specially, and as grounds for vacating the judgment showed that summons had not been served upon them; and that they had not entered their appearances in said case. These motions were supported by affidavits, one of which was that of the deputy sheriff who had the summons for service, showing that he had left copies of the summons at the office of the American Packing Company in El Reno, where he was advised the defendant O. A. Hurst was employed; that he later met O. A. Hurst on the street in El Reno, and told him of having left the summons for him at the office of the packing company. The deputy also testified on the hearing to substantially the same state of facts as contained in his affidavit. On April 23, 1920, the court vacated the judgment as to the defendants Hurst, and ordered alias summons issued, which was issued on April 26, 1920, and served on the Hursts on April 27, 1920. The Hursts answered, pleading the statute of limitations; on August 19, 1920, judgment was rendered for the defendants Hursts, from which Morrissey and Young have appealed.

Two propositions are presented, the first being that the court erred in vacating the original judgment against the Hursts because there was no substantial compliance with the provisions of the statute governing such cases, and, second, that the court erred in holding that the statute of limitations had run on the notes of the plaintiff and cross-petitioner Young, and rendering judgment in favor of said defendants.

The plaintiffs in error insist that if the defendants were entitled to any relief from the original judgment, such relief must have been obtained under the provisions of the 7th subdivision of section 810, Comp. Stat. 1921, which is; "For unavoidable casualty or misfortune, preventing the party from prosecuting or defending." This position cannot be sustained. The judgment was rendered without service of summons upon the defendants, hence the court did not acquire jurisdiction of their persons. This judgment was voidable, and should have been vacated upon the motion of the defendants, calling the attention of the court to its lack of jurisdiction, and evidence dehors the record was admissible to show such want of jurisdiction. Relief was obtainable under the 3rd subdivision of section 810. Myers v. Chamness 102 Okla. 131, 228 Pac. 988, Pettis v. Johnston, 78 Okla. 277, 190 Pac.

681; and as the defendants proceeded under this statutory provision, the court did not err in vacating the judgment.

Passing to the second contention made, the record discloses that the note made the basis of the action was executed and delivered by the Hursts to Morrissey on March 5, 1909 and matured five years after date. The action was filed and the original summons issued on August 24, 1917, and before the statute of limitations had run. This summons was not served. The alias summons which was served on the Hursts was issued on the 26th day of April, 1920, and more than five years after the maturity of the note, hence the action was barred under the provisions of the first subdivision of section 185, Comp. Stat. 1921, unless it falls within the provisions of section 187, Comp. Stat. 1921, which are that an action shall be deemed commenced, as to each defendant, at the date of the summons which is served on him, or on a codefendant, who is a joint contractor or otherwise united in interest with him. On October 6, 1917, summons was served on the defendant W. H. Phillips, who had purchased the mortgaged premises from the Hursts, and had assumed and agreed to pay the indebtedness owing by them to Morrissey, so it is necessary to look to the rights and liabilities of the parties to determine whether or not the Hursts and Phillips were joint contractors or otherwise so united in interest that service on Phillips would constitute the commencement of the action as against the Hursts.

The general rule is that a contract or covenant by which the purchaser of mortgaged premises assumes and agrees to pay the indebtedness secured by the mortgage inures to the benefit of the mortgagee, although the latter is not directly a party to it, and the mortgagee may inforce such contract for his own protection and advantage. 27 Cyc. 1349. But the right of the mortgagee to recover from the purchaser does not rest on the theory of a contract between the purchaser and mortgagee, but stands on the ground that the covenant of the purchaser is a collateral security obtained by the mortgagor, which by equitable subrogation inures to the benefit of the mortgagee (Crowell v. Currier. 27 N. J. Eq. 152, and cases cited); or, in some cases, the transaction amounts to a novation (Jones on Mortgages, sec. 762).

Therefore, it is clear that the mortgagor and the purchaser, who had assumed and agreed to pay the mortgage debt, are not joint contractors. But are they otherwise

united in interest so that the action will be deemed commenced as to both at the date of the summons which is served on one? This depends, according to our conception of the meaning of the statute, upon whether their interest is joint and inseparable, whether they are so united in interest that it would be impossible by any judgment which could be rendered in the cause to separate them, whether their interest is such that the mortgagee would be entitled only to a joint judgment against them. Obviously this is not the cause here. The Hursts and Phillips were severally liable to the plaintiff; the Hursts on the note, and Phillips on his assumption of the debt. The Hursts, while proper, were not necessary parties to the action. They had parted with the title to the property, and the only reason for making them parties was to obtain personal judgment against them. The plaintiff was not required to seek a personal judgment against Phillips, but, had he elected to do so, might merely have sought a decree foreclosing his mortgage.

We conclude that they were not so united in interest that service on Phillips constituted a commencement of the action as to the Hursts, and this conclusion finds support in Rice v. Simpson, 30 Kan. 28; Bradford v. Andrews, 20 Ohio St. 208; Buckingham v. Commercial Bank, 21 Ohio St. 131; Barber Asphalt Paving Co. v. Botsford, 50 Kan. 331, 31 Pac. 1106: Crocker v. Williamson, 208 N. Y. 480; Moore v. McLaughlin, 42 N. Y. Supp. 256.

Section 190, Comp. Stat. 1921, which provides that if an action be commenced within due time, and the plaintiff fails therein otherwise than upon the merits, he may commence a new action within one year after such failure, cannot aid the plaintiff, for his action was not commenced against the Hursts within due time.

The note made the basis of the cause of action set out in the cross-petition of the plaintiff in error Young having matured more than five years prior to the commencement of the action against the Hursts, her action as to them is likewise barred by the statute of limitations.

The judgment is affirmed.

All the Justices concur.