### SECURITY INS. CO. v. BALDWIN.

No. 13635—Opinion Filed Sept. 23, 1924.

Rehearing Denied March 24, 1925.

1. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict—Fire Insurance.**

In a suit on a fire insurance policy, where the question of whether or not the terms of the policy have been complied with by the insured in furnishing the insurer proof of loss, is put in issue, such issue presents a question of fact for the jury; and where the jury returns a verdict for the claimant, in effect finding that proof of loss was submitted by the insured as provided in the policy, such finding and verdict will not be set aside on appeal because of the insufficiency of the evidence upon that issue, if there was any competent evidence adduced at the trial reasonably tending to support such finding and verdict.

2. **Insurance—Fire Policy—Conditions Not in Standard Form.**

The Legislature of this state has provided a standard form of fire policy; and conditions in a fire policy not contained in such standard form will not be enforced by the courts.

3. **Same—Action on Policy—Judgment for Plaintiff Sustained.**

Record examined, and held, that the verdict and judgment are reasonably supported by the record, and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by S. G. Baldwin against Security Insurance Company of New Haven, Connecticut, on fire insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

Rittenhouse & Rittenhouse and Wilson & Roe, for plaintiff in error.

P. Mounts, W. H. Hussey, and Herman S. Davis, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was the defendant below, and the defendant in error was plaintiff. The parties will be designated herein as plaintiff and defendant, as they appeared in the trial court.

The plaintiff sued to recover insurance on certain wheat covered by a fire policy issued by the defendant, and on which plaintiff had paid the premium, and which was in force at the time of the fire which destroyed the wheat. The petition alleges compliance with the terms and conditions of the policy in furnishing proof of loss and interest. The defendant answered by general denial and by allegation of affirmative defenses. The plaintiff replied by general denial, joining the issues. The cause was tried to a jury on the 16th of February, 1922, resulting in a verdict and judgment for the plaintiff in the sum of $587, with interest at six per cent. per annum from and after the 3rd day of August, 1920.

The defendant prosecutes appeal, and assigns many errors in both motion for a new trial and in the petition in error. From a reading of the briefs of the parties it appears that the whole case turns upon whether or not there is any competent evidence in the record tending to prove that the plaintiff had complied with the requirement of the policy providing that proof of loss and interest should be furnished the company within 60 days after the loss occurred. A copy of the policy of insurance does not seem to have been incorporated into the record. It seems to be agreed, however, that one of the requirements in the policy is that the insured shall furnish the insurer with proof of loss and interest, under oath, within 60 days from the date of the loss, and that when required to do so the insured shall furnish the insurer with a certificate of two disinterested neighbors and of the nearest magistrate, "certifying their belief that the statements are true, and that the assured has, without fraud sustained the amount of the loss set forth in said proof." It appears from the record that the plaintiff's wheat covered by the policy was destroyed on August 3, 1920, and on the 5th of August, 1920, the adjuster for the insurer called on the plaintiff, both to adjust the loss of August 3, 1920, and to deliver a draft to cover former loss. The plaintiff testified, in substance and effect, that the adjuster had with him proofs of loss, and talked with plaintiff and asked him many questions about the fire and how it occurred, and the amount of grain destroyed, and the interest plaintiff had in it, all of which was written down just as had been done when the adjustment was made as to the former loss; and after it was filled in the adjuster told him to sign and he signed, and they called it a proof of loss, just as the adjuster had before; and the proof of plaintiff tends to show that plaintiff furnished all the information required. The plaintiff testified that he signed the instrument, but did not remember who he swore to it before. When the transaction was had, the adjuster served upon the plaintiff the demand in writing, as follows:

"To S. G. Baldwin, assured under Policy No. 3451.

"You are hereby required and demanded to furnish the undersigned insurance company the certificates of two disinterested neighbors of yours, together with the certificate of the nearest magistrate to your home, each certifying that they believe that all of the statements made by you, in your sworn statement of proof of loss are true; and that they each believe that you have without fraud or negligence on your part sustained the amount of the loss set forth in said proofs,

"Security Insurance Company, by
"Geo. W. Buckner, Adjuster."

The adjuster seems to have told plaintiff that:

"In addition to signing this proof of loss I will want you, as a provision of the policy provides, I want you to furnish me the certificate of two of your nearest neighbors showing that, or certifying that they believe this was an honest loss; in addition to that, the certificate of the nearest magistrate— certifying to that."

The provision of the policy is that these certificates of neighbors and magistrate shall certify the amount set forth in the proof of loss is an honest claim in their opinion. If there was no claim set forth in a proof of loss, there would be nothing for neighbors or the magistrate to certify to.

The proof offered on the part of the plaintiff tended to show that plaintiff had furnished the adjuster proof of loss as required by the policy, and was enough to take the matter to the jury upon that question. The statement quoted from the adjuster as made to plaintiff, demanding the certificates of neighbors and a magistrate, and the demand for the certificates, presupposes that proof of loss has been made. While the adjuster and some other witnesses called by the defendant testified that no proof of loss had been furnished, there was enough along that line offered by the plaintiff to amount to a conflict in the evidence and make it a question of fact for the jury. Under the instructions given by the trial court, the finding and verdict for the plaintiff was in effect a finding that the plaintiff had complied with the terms and conditions of the policy by furnishing proof of loss.

It has been frequently held and consistently adhered to by this court that:

"Where the evidence reasonably tends to support the verdict, and there is no error in the charge to the jury, the judgment will not be disturbed." Avants v. Bruner, 39 Okla. 730, 136 Pac. 593; School Dist. No. 13 of Latimer Co. v. Ward, 40 Okla. 97, 136 Pac. 588; Hodgins v. Noyes, 42 Okla. 542, 141 Pac. 968.

But it is contended that the plaintiff did not comply with the demand to furnish a certificate by neighbors and by the magistrate, that, in their opinion, the loss was incurred without fraud of the plaintiff. The contract of insurance carried a provision of this kind, and the question arises here as to whether failure to comply with the demand for such certificates shall bar the right of recovery.

The Legislature of this state saw fit to provide a form of insurance policy. One of the provisions of the legislative form (section 6767, Comp. Stat. 1921) is:

"* * * And shall also, if required, furnish a certificate of the magistrate or notary public (not interested in the claim as a creditor or otherwise, nor related to the insured) living nearest the place of fire, stating that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

The provision of the policy under which the claim was made is something very different. The demand made was not for a statement of a magistrate or notary public living nearest the place of the fire saying that he has examined the circumstances and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify, but is for a statement or certificate to be made by two disinterested neighbors, together with a certificate of the magistrate nearest the plaintiff's home, each certifying that they believe that all the statements made by plaintiff in his sworn proof of loss are true, and each of them believes that the plaintiff has, without fraud or negligence, sustained the amount of loss set out in his proof of loss. The certificate demanded is something very different from the provision of the standard form of policy provided by the legislative act. This court has held that provisions in a fire policy not contained in the standard form adopted by the Legislature will not be enforced. Fidelity-Phoenix Fire Ins. Co. v. School Dist. No. 62 of Jackson Co., 70 Okla. 300, 174 Pac. 513; Palatine Ins. Co. of London, England, v. Commerce Trust Co., 73 Okla. 236, 175 Pac. 930.

In this case there is no question about the defendant having issued the fire policy covering the plaintiff's grain, nor that the plaintiff paid the required premium. There is no dispute about the plaintiff's grain being destroyed by fire while the policy was in force. There is no contention made that the amount fixed by the jury is excessive. The insurer seeks to escape liability upon the sole and only ground that plaintiff did not furnish the proof of loss and the certificates of neighbors and the magistrate provided for in the policy. As to whether proof of loss was made by plaintiff, the testimony was in conflict. The question was submitted to the jury by proper instructions. The jury found for the plaintiff, settling the dispute in his favor. That being the state of case here presented, this court is not authorized to disregard the verdict and set it

aside simply because it may be contended that the evidence was stronger for the defendant than for the plaintiff upon the issue as to whether the proof of loss was, in fact, furnished.

The defendant had its day in court, and was not able to convince the jury that the plaintiff did not comply with his fire policy in furnishing the proof of loss. The judgment is right.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.