## UNITED STATES FIRE INS. CO. et al. v. WHITCHURCH.

No. 16366. Opinion Filed Feb. 19, 1929.

Rehearing Denied Oct. 1, 1929.

Rittenhouse & Rittenhouse, for plaintiffs in error.

William G. Davisson, for defendant in error.

CLARK, J. This action was commenced in the district court of Carter county by defendant in error against plaintiffs in error. For convenience, parties will be referred to as they appeared in the trial court.

Plaintiff filed his petition on the 25th day of October, 1923, seeking to recover on insurance policies executed by defendants on certain property of plaintiff. Plaintiff's petition alleged he was doing business at a certain location in the town of Ardmore. That on the 23rd day of December, 1922, defendants issued their insurance policy. A copy of said policy was attached to the petition and made a part thereof. Plaintiff further alleged that on the 12th day of April, 1923, said business house in which said plaintiff was conducting his business under the name of the Whitchurch Supply House was practically destroyed and the stock of goods contained therein was destroyed and greatly damaged by fire. Plaintiff's loss thereby was $5,000. That on the 29th day of May, 1923, plaintiff furnished the defendants with the proof of loss and interest and otherwise performed all the conditions of said policy on his part.

A demurrer was filed to this petition, which was by the court overruled.

On September 16, 1924, more than twelve months after the fire, plaintiff filed an amended petition. Defendants moved to strike said amended petition, and assigned as reason therefor that the original petition failed to state a cause of action; that more than one year had elapsed since the fire complained of in said original petition and prior to the date of filing said amended petition, and that by reason thereof the cause of action set forth in plaintiff's amended petition was barred by the statute of limitations, which motion was by the court denied.

Defendants then demurred to the amended petition, setting forth the same reasons as assigned in the motion to strike, which demurrer was overruled.

Thereafter defendants filed an answer to said amended petition. Its answer, in the form of a general denial, further pleaded

that the original petition failed to state a cause of action and that the cause of action stated by the amended petition was barred by the statute of limitations. Defendants further pleaded that in his proof of loss, filed after the fire, plaintiff swore falsely as to the quantity and value of said insured property, and that by reason of such false swearing the policy of insurance at the time of the institution of the suit was null and void. Defendants further pleaded that the loss and damage to the property mentioned in plaintiff's petition did not result from hazards insured against by said policy, and for that reason plaintiff was not entitled to recover.

Defendants' answer contained many other reasons why the defendants should not be liable on the insurance policy issued to the plaintiff, which will be discussed in disposing of the errors complained of.

Cause was tried to a jury, resulting in a verdict for plaintiff in the amount sued for. Court rendered judgment on said verdict of the jury. Defendants brought the cause here for review.

The first proposition presented under defendants' assignment of error is:

"That the original instrument filed as a petition in this case wholly failed to state a cause of action, in that it did not allege that the plaintiff was the owner of the property at the time of the fire, nor does it allege that he was the owner of the property at the time of the issuance of the policy, nor does it allege the value of the property nor the location of the property at the place designated in the policy."

Plaintiff does not contend that the original petition filed in the district court was good as against a general demurrer.

The second contention of the defendant is:

"The original petition having wholly failed to state a cause of action, the filing thereof will not arrest the running of the statute of limitations, and an amendment made after the bar of the statute is complete will be regarded as the beginning of the action in reckoning the statutory period of limitation."

Defendants cite and rely on Burke v. Unger, Adm'r, 88 Okla. 228, 212 Pac. 993, in support of this contention. Burke v. Unger, supra, is distinguished from the case at bar in this: It was a suit against an administrator; an action was brought without the filing of a claim with the administrator, which was later dismissed and a claim filed, which was rejected and suit brought thereon.

More than seven years had elapsed between the maturity of the notes constituting the claim and the filing of the second action. It was held that the statute of limitations barred a recovery.

Section 1242, C. O. S. 1921, provides:

"No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator."

So it can be seen in the case of Burke v. Unger, supra, it was not a question of whether or not plaintiff's petition stated a cause of action, but that no cause of action had accrued to plaintiff until his claim was first filed with the administrator, and no cause of action having accrued to plaintiff, a purported suit would not toll the statute of limitations.

Defendants also cite the case of Murray v. McGehee, 121 Okla. 248, 249 Pac. 700. This case is not authority for the contention of the defendants, as it will be readily seen that in the case of Murray v. McGehee the amendment complained of was a separate and different cause of action from that stated in the original petition.

Defendants also cite Niagara Insurance Co. v. Nichols, 96 Okla. 96, 220 Pac. 920. This case is distinguished from the case at bar for the reason in this case no proof of loss had been filed as provided by the policy at the time the original suit was filed, and the court held that filing the proof of loss was a condition precedent to the right to maintain the original action. This case cites Ryno v. Snyder (Wash.) 109 Pac. 55. In this case it was held that something remained to be done before a cause of action existed. In the case at bar a cause of action existed at the time the original petition was filed; the original petition was defective, but it was sufficient to support a default judgment had one been entered thereon.

The right of the plaintiff to file amended petition is statutory. The Legislature, in abolishing the strict rules of common law pleading and substituting therefor our statutes, was extremely liberal in permitting amendments to pleadings so long as such amendments are in the furtherance of justice.

Section 318, C. O. S. 1921, provides:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake

in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this Code, the court may permit the same to be made conformable thereto by amendment."

Section 319, C. O. S. 1921, is as follows:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

From the foregoing sections it will be seen that a very wide latitude is given the trial court in permitting such amendments to the pleadings as it may in its discretion deem proper.

In the case of Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 153, 153 Pac. 633, in the second paragraph of the syllabus this court said:

"The statutes, and also the decisions of the courts of this state, are extremely liberal in permitting amendments to pleadings so long as such amendments are in furtherance of justice, and amendments which even change the cause of action may be permitted, provided they do not substantially change the plaintiff's claim."

Also see Trower v. Roberts, 30 Okla. 215, 120 Pac. 617.

This court, in Phenix Insurance Co. of Brooklyn, N. Y., v. Ceaphus, 51 Okla. 89, 151 Pac. 568, syllabus paragraph No. 1, said:

"An insurance agent, with power to countersign and issue policies of insurance, negotiated with C. to insure his property. C. informed him that he owned a house, situated, with his wife's consent, on her land; got her patent, and showed it to the agent to give him the location of the house, and paid the agent a premium for $750 insurance on the house. The agent issued a policy and retained possession thereof until after a fire destroyed the house. In writing the policy, the agent misdescribed the land and the interest of C. therein. A judgment recovered at law on the policy was reversed, and the cause remanded, and C. was permitted to amend his petition, by an elaboration only of the essential facts of the agent's mistake or fraud, and prayed for a reformation of the contract of the insurance to conform to the real agreement of the parties. Held, that the amendment did not substantially change the cause of action disclosed in the first petition, and was properly allowed, and therefore related back to the commencement of

the action, and the suit, as made by the amendment, was not barred by the statute of limitations."

In the case of Motsenbocker et al. v. Shawnee Gas & Electric Co., 49 Okla. 304, 152 Pac. 82. this court said in the second paragraph of the syllabus:

"The filing of an amendment, adding the names of the brothers and sisters as parties plaintiff in an action, though permitted more than two years after the filing of the original petition, was not the statement of a new cause of action, but the amendment related back to the commencement of the action so as to defeat a plea of the statute of limitations."

Same is the holding in Armstrong v. May. 55 Okla. 539, 155 Pac. 238.

This court, in the case of Missouri, K. & T. R. Co. v. Perino, 89 Okla. 136, 214 Pac. 907, in the first paragraph of the syllabus said:

"Where the mother, in her own right, brought action for damages because of the death of her son, alleged to have been caused by the negligence of the defendant, but failed to allege in her petition that no personal representative had been appointed, and where, after the two-year period provided by section 5281, Rev. Laws 1910, within which the action might be brought had expired, the defendant moved for judgment on the pleadings, and thereupon the court permitted the plaintiff to amend her petition by inserting therein that no personal representative had been appointed, held, that, such amendment not being equivalent to the commencement of a new or different action, and in no respect changing the claim or defense, it was not error to permit the amendment, and such amendment related back to the beginning of the action."

The Supreme Court of Arizona, in the case of Boudreaux v. Tucson Gas, Electric Light & Power Co., 114 Pac. 547, in the first paragraph of the syllabus said:

"Where the original complaint does not state facts constituting a cause of action as against a general demurrer, an amendment may be filed after the period of limitations has become complete, if the facts alleged in the original complaint are sufficient, when read in view of the amendment, to show that the amendment merely perfects an imperfect statement of the cause of action alleged in the original complaint, and does not state a new or different cause of action."

The Court of Civil Appeals of Texas, in the Texas Midland R. R. v. Cardwell, 67 S. W. 157, in the fourth paragraph of the syllabus said:

"Where a damage suit was instituted

jointly against two railroad companies within two years from the accident, and a judgment in favor of plaintiff was reversed because of misjoinder of defendants, an amendment of the petition in the original action by merely leaving out the defendant wrongfully joined, and otherwise setting forth the same cause of action, did not set up a new cause of action, so as to be barred by limitations, although more than two years had expired when the amendment was made."

The same court in Schauer v. Von Schauer, 138 S. W. 145, in the first paragraph of the syllabus said:

"Plaintiff's petition in an action on a note alleged a gift of the note by his father, the payee, and in his amended petition, filed more than four years after the maturity of the note, he predicated his rights to recovery upon an estoppel and a parol partition of several notes between himself, his sister, and defendant. Held, that, as the same debt was relied on for recovery, and the amended petition only elaborated the means by which plaintiff became owner of the note, and the grounds upon which the suit was based, it stated no new cause of action, and hence the action was not barred by limitations."

In the case at bar the original petition declared upon a contract of insurance and attached a copy of the policy. It was not good when challenged by demurrer. This much is conceded. Later an amendment was filed. If the original action had been filed on the date of the amendment, it would have been barred by the special statute of limitations of one year for recovery upon insurance policies. The amended petition did not state a new or different cause of action; it sought to recover upon the same policy, same parties plaintiff and defendant; the same fire and the same property destroyed. The original petition, if judgment had been entered thereon, would have been sufficient to sustain a plea of res judicata, as the amendment did not state a new and different cause of action but merely perfects an imperfect statement of a cause of action alleged in the original complaint. Such an amendment related back to the beginning of the action. The amendment did not introduce a new or different cause of action; the action was for exactly the same injury upon the same contract and remained identically the same.

Under our pleadings an amendment being to correct defects, its operation is retroactive and makes the pleading, process, or proceeding as if the defect therein had never existed. Measured by the foregoing rules, which have been approved by this court, there can be no doubt but that the facts stated in the original petition in the case at bar, when read in the light of the amendments as set forth in the amended petition is but the perfection of the imperfect statement of the cause of action attempted to be stated and not the statement of a new or different cause of action. We are of the opinion that the trial court did not err in permitting the amendment and that the same related back to the beginning of the action and was not barred by the statute of limitations.

Defendants next contend that there was a misjoinder of parties defendant, and that by reason thereof verdict and judgment recovered by plaintiff against defendants should be set aside by this court. All of the evidence in this case disclosed that from the start to the finish the United States Fire Insurance Company and the North River Fire Insurance Company acted jointly in this matter.

Section 219, C. O. S. 1921, provides:

"Any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the question involved."

This question, if raised at all, was raised by a general demurrer.

In the case of Choctaw, O. & G. R. Co. v. Burgess, 21 Okla. 653, 97 Pac. 271, this court said:

"A general demurrer does not raise the question of defect of parties. Same must be taken advantage of by special demurrer or answer, and, as a general rule, when not so done, cannot be raised on appeal."

This question, not being raised by proper pleadings in the trial court, is waived.

Defendants next contend that the court erred in giving instructions 7 and 9. We have examined the instructions complained of, and taken together as a whole, the instructions state the law on the issues joined by the pleadings. Defendants failed to point out in their brief that they were injured or prejudiced by the instructions complained of.

In the case of Breckinridge v. Drummond, 55 Okla. 351, 155 Pac. 555, this court said:

"A cause should not be reversed by the Supreme Court unless the court can say from an examination of the entire record that the trial probably resulted in a miscarriage of justice or 'constitutes a substantial violation of a constitutional or statutory right.'"

186

We are of the opinion that the instructions complained of, taken together with the entire instructions given by the court, did not result in a miscarriage of justice or deprive the defendants of a constitutional or statutory right.

Defendants' next assignment of error is, "A willful and intentional breach of the fraud and false swearing provisions of the Oklahoma standard fire insurance policy by the insured as to a material matter in the proof of loss voids the policy."

It is the contention of the defendants that the evidence in this case with reference to the false proof of loss and false swearing of insured was an undisputed question of fact.

It is also contended that the insured willfully and intentionally swore falsely in his proof of loss; that he raised the values of the properties far in excess of their value, and far in excess of the inventory value which he had made in January preceeding the fire.

The question of the value of this property, which necessarily includes its quality, was submitted to the jury. The question of the amount of damages sustained to this property by virtue of this fire was also submitted to the jury as a special question, and its special finding thereon was that the property was damaged to the extent of $28,100. Examination of the evidence of the quality and value of the stock will show some conflict, but this only raised a question of fact for the jury, but the jury resolved that question in favor of the plaintiff and against the defendants.

In the case of Knights & Ladies of Security v. Bell, 93 Okla. 272, 220 Pac. 594, this court said:

"The truth or falsity of warranties in an application for insurance, where there is a conflict in the evidence, is a question of fact for the jury."

In the case of Security Insurance Co. v. Baldwin, 109 Okla. 139, 234 Pac. 848, it was held that this was a question for the jury.

This question being submitted to the jury upon conflicting testimony, the verdict and findings of the jury will not be disturbed on appeal. This was a jury case, and the questions of fact involved were by the trial court submitted to the jury. The jury resolved all of the issues in favor of the plaintiff and against the defendants.

A careful examination of the record, the briefs and authorities cited therein, leads us to the inevitable conclusion that the verdict and judgment of the trial court was correct, and same is affirmed.

LESTER, V. C. J., and HUNT, RILEY,

HEFNER, SWINDALL, AND ANDREWS, JJ., concur.

MASON, C. J., AND CULLISON, J., absent.