## PARKER v. BOARD OF COUNTY COM'RS OF NOBLE COUNTY.

No. 26352.   Feb. 25, 1936.

Leo G. Mann and C. J. Brown, for plaintiff in error.

Henry Dolezal, Co. Atty., for defendant in error.

GIBSON, J. This action was commenced in the district court of Noble county, wherein plaintiff sought judgment under the provisions of section 12749, O. S. 1931, for refund of money paid the county for an alleged void tax sale certificate.

The present action was commenced after the expiration of the statutory period, but the petition contains the following allegations:

"Plaintiff alleges his original suit for this cause of action, No. 4489, filed in this court on October 19, 1932, was dismissed on August 25, 1933, without hearing upon the merits thereof."

The original action was commenced within the statutory period, and the present action was commenced within a year after the aforesaid dismissal.

Demurrer was sustained to the petition on the ground that the petition showed the action barred by the statute of limitations. This appeal brings that one question here for review, and that question involves the sufficiency of the above-mentioned allegation as to the dismissal of the prior action without hearing upon the merits thereof.

Plaintiff says the allegation constitutes a sufficient plea to toll the statute under the provisions of section 106, O. S. 1931. That section reads as follows:

"If an action be commenced within due time, and a judgment thereon for plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff * * * may commence a new action within one year after the reversal or failure."

Defendant argues that the allegation in question constituted a mere legal conclusion and was therefore subject to demurrer. In this connection it is said that an allegation in the words of the statute is insufficient and that the specific facts constituting the failure otherwise than on the merits must be pleaded.

We are unable to agree with defendant's contention. The allegation that the former action "was dismissed on August 25, 1933, without hearing upon the merits thereof" was sufficient to admit of proof that the action had never been determined upon the merits and that the latter action was commenced within the statutory time after dismissal of the former action. In Owens v. Clark, 154 Okla. 108, 6 P. (2d) 755, under a similar situation, plaintiff alleged that his former action "failed otherwise than on its merits by reason of a dismissal without prejudice having been entered on the 24th day of December, 1927." There it was held that this allegation "was sufficient to entitle the plaintiff to prove facts sufficient to show the proper commencement of the action." We see no material difference between that allegation and the one here under consideration.

The judgment is therefore reversed and the cause remanded for further proceedings. in accordance herewith.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.