## SHAW v. HUNTER et al.
### No. 2053.

District Court, N. D. Oklahoma.
June 26, 1936.

F. C. Swindell, of Tulsa Okl., for plaintiff.

F. B. Dillard, of Tulsa, Okl., for defendants.

KENNAMER, District Judge.

This is an action to recover from the sureties on the bond of C. R. Hunter, executor of the estate of H. E. Brooks, deceased, appointed by the county court of Tulsa county, Okl., sitting in probate. An accounting was had in the county court and Hunter was adjudged to be indebted to the estate in the amount of several thousand dollars. O. S. Hopper was one of the sureties on the bond of Hunter, and the shortage of Hunter having not been paid Ethel Brooks Shaw, legatee under the will of H. E. Shaw, prosecutes this action to recover from the sureties on Hunter's bond. Since the institution of this action Hopper died, and an administrator of his estate has been appointed. A claim was presented to the administrator of the estate of Hopper, but no action was taken on the claim. The claim presented was verified by the attorney for Ethel Brooks Shaw, stating that the facts were within the personal knowledge of the attorney making the affidavit. Under the provisions of section 6339, Revised Laws of 1910 of Oklahoma, if the affidavit is made by any one other than the claimant the reason why the claimant did not verify the affidavit must be shown. In the case of Burke v. Unger, Adm'r, 88 Okl. 226, 212 P. 993, it was held that an affidavit supporting claim against the estate of a deceased person was fatally defective for the reason it was made by an attorney and no showing being made why the claimant did not verify the claim. The rule announced in this case is not controlling here for the reason the action here was instituted prior to the death of the surety on the bond, and the action is not one upon contract, but is an action for the violation of statutory obligation of the executor of the estate of Brooks, deceased, to account for the funds coming into his hands as executor. The sureties on the executor's bond are liable because of the failure of the executor to perform his statutory duty in accounting for the estate passing into his hands. Asher v. Stull et al., 61 Okl. 320, 161 P. 808; Madison v. Buhl, 51 Idaho, 564, 8 P. (2d) 271; Hampton et al. v. Ewert et al. (C.C.A.) 22 F. (2d) 81–92.

The contention that the claim was not properly verified cannot be sustained. Judgment may be entered for the plaintiff.