## IMPORTERS & EXPORTERS INS. CO. et al. v. FARRIS.

No. 27272. Nov. 9, 1937.

Rehearing Denied Nov. 30, 1937.

Rittenhouse, Webster & Rittenhouse, for plaintiffs in error.

Stephen A. George, Twyford & Smith, and William J. Crowe, for defendant in error.

GIBSON, J. This is an appeal from two separate judgments obtained by defendant in error against plaintiffs in error in the district court of Carter county in consolidated actions upon certain fire insurance policies. The parties are hereinafter designated as they appeared at the trial.

The principal question here for consideration is whether the actions were barred by the statute of limitations.

The insurance policies sued upon were of standard form within the meaning of section 10557, O. S. 1931, and contained the following clause as authorized by statute:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

Plaintiff commenced, or attempted to commence, actions against defendants within the year, dismissed same without prejudice, and within a year subsequent to such dismissals, but more than a year after the loss, commenced, or attempted to commence, the present actions, thus apparently saving his claims from the operation of the aforesaid limitation by virtue of the provisions of section 106, O. S. 1931, which reads as follows:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff * * * may commence a new action within one year after the reversal or failure."

Defendants assert that the steps taken by plaintiff in instituting the first actions as aforesaid were insufficient to constitute the commencement of an action within the meaning of said section 10557, in that the petitions failed to state a cause of action, and that said actions therefore did not toll the one-year limitation. Wheeler v. City of Muskogee, 51 Okla. 48, 151 P. 635; Burke v. Unger, 88 Okla. 226, 212 P. 993; Morrissey v. Hurst, 107 Okla. 1, 229 P. 431; Murray v. McGehee, 121 Okla. 248, 249 P. 700; Niagara Fire Ins. Co. v. Nichols, 96 Okla. 96, 220 P. 920.

In our view of this particular proposition, it becomes unnecessary to determine the question of the sufficiency of the petitions in the former actions. From our decisions we draw the conclusion that when a petition is filed, and summons issued in due time, seeking certain relief, although not sufficiently stating a cause of action therefor, the same is sufficient to toll the statute, and if such attempted action fail otherwise than on the merits after the limitation has run, another action seeking the same relief may be commenced within one year from such failure by reason of the provisions of said section 106, O. S. 1931. United States Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834; Collum v. Stokes, 146 Okla. 176, 293 P. 1036.

The latter decisions hold in effect that a petition fatally defective on general demurrer tolls the statute, where summons is properly issued, and that an amended petition filed after expiration of the limitation and seeking the same relief as between the same parties relates back to the time of filing the original petition. The decisions under consideration clearly are authority for the proposition that a fatally defective petition, with summons issued, tolls the statute as to the particular parties and the particular claim. That it saves the claim from the operation of the statute is the controlling feature in the instant case, for, if the statute is tolled, a new action commenced within a year after the failure of the original one, is commenced in time under section 106, supra, if it seeks the same relief,

although such failure may have occurred after the limitation had run.

The foregoing conclusion is further strengthened by the decision in Stevens v. Dill, 142 Okla. 138, 285 P. 845, wherein the court held that a proceeding in county court to vacate a guardian's sale tolled the statute of limitations relative to the relief sought, and an action to avoid said sale commenced in district court after the statute had run but within one year subsequent to the dismissal by this court of an appeal from the proceedings in county court for want of jurisdiction, was commenced in time by reason of the provisions of section 106, supra. See, also, Meshek v. Cordes, 164 Okla. 40, 22 P. (2d) 921; Edmison v. Crutsinger, 165 Okla. 252, 25 P. (2d) 1103.

Here, the relief sought in the subsequent actions was the same as that sought in the former actions which failed otherwise than on the merits.

The cases relied upon by defendants, and heretofore cited, are authority for the proposition that an amendment stating a new cause of action does not relate back to the time of filing the original petition, but, for purposes of the statute of limitations, is considered as a new action as of the time of the amendment (Wheeler v. City of Muskogee; Burke v. Unger; Murray v. McGehee); or for the proposition that an action is not commenced where no service had on defendant (Morrissey v. Hurst); or that the statute does not commence where the action is prematurely brought (Niagara Fire Ins. Co. v. Nichols). Those cases are not in point here. (For distinguishing features see United States Fire Ins. Co. v. Whitchurch, supra.)

We hold, therefore, that the original actions in the instant case were sufficient to arrest the statute of limitations and that said actions failed otherwise than upon the merits within the meaning of section 106, O. S. 1931.

Defendants say the petitions in the instant case were defective for the same reasons as assigned to the petitions in the former cases, and that a cause of action was not stated in either petition here until certain amendments made subsequent to the expiration of one year after the aforesaid dismissals. They say that for this reason the actions were not commenced in time.

What we have said above applies here. The amendments, seeking the same relief as the petitions, related back to the date of filing such petitions. United States Fire Ins. Co. v. Whitchurch, supra.

The judgments appealed from are affirmed.

OSBORN, C. J., and RILEY, CORN, and HURST, JJ., concur.