## METROPOLITAN LIFE INS. CO. v. KEITH.

No. 29409. June 18, 1940.

Rehearing Denied Sept. 10, 1940.

Application for Leave to File Second Rehearing Denied
Oct. 1, 1940.

*105 P. 2d 528.*

Harold R. Williams, G. Ellis Gable, and Bradford J. Williams, all of Tulsa, for plaintiff in error.

Joe S. Rockwood, of Sapulpa, and J. D. Gustin, of Springfield, Mo., for defendant in error.

PER CURIAM. This action was instituted on March 30, 1929, by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to enforce liability under an insurance policy which the defendant had issued upon the life of Wilford Anson Keith. Trial of said cause had to a jury resulted in a verdict in favor of plaintiff, and the defendant appealed the cause here. This court reversed the judgment on account of insufficiency of evidence and error in instructions. Metropolitan Life Ins. Co. v. Keith, 170 Okla. 440, 41 P. 2d 121, wherein the facts involved are explained and discussed.

Upon receipt of mandate in said cause, the action was reinstated on the docket of the trial court. The plaintiff thereupon filed an amended petition which was substantially the same as the original except for the addition of a plea of waiver of proof of death. The defendant filed an answer wherein, in addition to the other defenses, it set up a plea of the statute of limitations and of res adjudicata. Trial was again had to a jury and a verdict returned in favor of plaintiff. The defendant appeals from the judg-

ment which was rendered upon said verdict.

As grounds for the reversal of this latter judgment the defendant urges three propositions which are as follows:

"Plaintiff's alleged cause of action is barred by the statute of limitations.

"Plaintiff cannot maintain this action because she introduced no evidence of furnishing proofs of death and the question of waiver of proofs of death is res adjudicata and the law of this case under the decision of this court on the former appeal.

"The insured, Wilford Anson Keith, committed suicide within one year from the issuance of the policy by drinking carbolic acid, and, therefore, the verdict and judgment are contrary to the law and the evidence and the trial court erred in denying defendant's motion for a directed verdict and overruling defendant's motion for a new trial."

Under the first proposition the defendant argues that the amended petition stated a new and different cause of action from that pleaded in the original petition, and hence did not relate back and toll the statute, and that the original action was prematurely brought and therefore failed to toll the statute. In support of the contention thus made, we are cited to Wheeler v. City of Muskogee, 51 Okla. 48, 151 P. 635; Burke v. Unger, 88 Okla. 226, 212 P. 993; Niagara Fire Ins. Co. v. Nichols, 96 Okla. 96, 220 P. 920; Morrissey v. Hurst, 107 Okla. 1, 229 P. 431; Murray v. McGehee, 121 Okla. 248, 149 P. 700; Importers & Exporters Ins. Co. v. Farris, 181 Okla. 339, 73 P. 2d 831. Since the amended petition differed from the original only in that it pleaded a waiver of any formal proof of death of the insured, we are unable to see the applicability of the cited cases to the situation here involved. The plaintiff's action was in all essentials the same as it was originally. Under these circumstances, we are of the opinion that what was said in United States Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834, and wherein a number of the cases cited by the defendant are ex-

plained and differentiated, announces the correct rule to be here followed. Therein we held:

"Where an original petition sought to recover on a fire insurance policy and the same was not good as against a general demurrer, but set out the names of the parties plaintiff and defendant, alleged the contract of insurance as between the plaintiff and defendant, attached a copy of said insurance policy to the petition and made it a part thereof, and alleged the fire and damage by reason thereof, and after the statute of limitations has become complete and amended petition was filed which did not state a new or different cause of action and did not change substantially the plaintiff's claim, it is but the perfection of the imperfect statement of the cause of action originally stated. Held, the amended petition relates back to the filing of the original petition, and the action was not barred by the statute of limitations of one year."

The contention of the defendant with reference to the prematurity of the action is disposed of by what we have to say hereinbelow.

The second contention of the defendant is based upon the assumption that the decision in Metropolitan Life Insurance Co. v. Keith, supra, adjudicated the question of waiver of proof and that this was removed from further consideration by the trial court. The opinion negatives the interpretation which the defendant thus seeks to place upon it, since therein it was said:

"It is not intended by this decision to forfeit the policy. In line with our rule in Nance v. Oklahoma Fire Insurance Company, supra, the plaintiff's failure to establish by competent evidence the furnishing of proof of death or, alternately, to establish waiver thereof, did not operate to forfeit the policy, but the right of action on said policy did not mature."

It is apparent from reading the opinion that the former judgment was reversed on account of insufficiency of evidence to sustain the verdict and judgment and on account of error in an instruction given by the court. Since this was so, the cause thereupon stood for

trial, except as to questions of law settled on the former appeal, the same as if no trial had ever been had. Ball v. Rankin, 23 Okla. 801, 101 P. 1105; Turk v. Page, 68 Okla. 275, 174 P. 1081; Raymer v. First Nat. Bank of Berwyn, 184 Okla. 392, 87 P. 2d 1097.

The final contention of defendant is, in substance, that the insured committed suicide within one year from the date of the issuance of the policy, and therefore it was not liable under the policy as a matter of law. This was an affirmative defense and the defendant had the burden of establishing this fact to the satisfaction of the jury. Penn Mutual Life Ins. Co. v. Spaulding, 50 Okla. 307, 150 P. 494. The proof offered by the defendant in this connection was wholly circumstantial and was such that the jury evidently considered it unsatisfactory and insufficient, since by their verdict they held against the contention of the defendant thereon. The evidence as a whole was such that the minds of reasonable men might differ with respect to whether the death of the insured was due to causes other than his own intentional act, and therefore became one for the determination by the jury. Metropolitan Life Ins. Co. v. Plunkett, 129 Okla. 292, 264 P. 827; Kansas Life Ins. Co. v. Pearson, 173 Okla. 259, 46 P. 2d 449. The record presents no reversible error.

Judgment affirmed.

BAYLESS, C. J., WELCH, V. C. J., and HURST, DAVISON, and DANNER, JJ., concur.