## SPRINGFIELD FIRE & MARINE INS. CO. v. CHADWICK.

No. 31374. Oct. 10, 1944.

*152 P. 2d 277.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for plaintiff in error.

Moody & Henderson and C. H. Bowie, all of Pauls Valley, for defendant in error.

PER CURIAM. On the 9th day of December, 1940, Rosey Chadwick,

hereinafter called plaintiff, filed her action against the defendant, Springfield Fire & Marine Insurance Company, to recover on an insurance policy. Judgment was for the plaintiff, and defendant appeals.

The facts are substantially that plaintiff obtained a fire insurance policy on two dwelling houses located on lots 21, 22, 23, 24, 25, and 26 in block 66 in the town of Mayesville, Garvin county, Okla. On the 15th day of March, 1938, fire destroyed one dwelling house and damaged the other. On January 17, 1939, the plaintiff filed an action alleging a loss of a dwelling house on lots 24 and 25 in block 66, in the town of Mayesville. On October 24, 1940, more than a year after the loss, plaintiff was permitted to amend her petition to allege a loss to two dwelling houses on lots 21, 22, 23, 24, 25, and 26 in block 66. On the same date the plaintiff voluntarily dismissed her action without prejudice. On December 9, 1940, the present action was commenced.

The sole allegation of error presented in defendant's brief is that the action is barred under 36 O. S. 1941 § 244, providing that the action must be brought within one year.

12 O. S. 1941 § 100 provides:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after the reversal or failure."

Defendant attacks the amendment made October 24, 1940, as not germane to the original issue, and insists that the filing of the petition on December 9, 1940, was a new cause of action or a new action separate and distinct from the action filed January 17, 1939.

The right of the plaintiff to amend is statutory, and the Legislature in abolishing the strict rules of common-law pleading and substituting therefor our statutes made liberal provisions in reference to permitting amendments to pleadings, so long as such amendments are in the furtherance of justice. 12 O.S. 1941 § 317; Trower v. Roberts, 30 Okla. 215, 120 P. 617; Wynnewood Cotton Oil Co. v. Moore, 54 Okla. 163, 153 P. 633; Phenix Ins. Co. v. Ceaphus, 51 Okla. 89, 151 P. 568; Motsenbocker v. Shawnee Gas & Electric Co., 49 Okla. 304, 152 P. 82; Armstrong v. May, 55 Okla. 539, 155 P. 238; Missouri, K. & T. Ry. Co. v. Perino, 89 Okla. 136, 214 P. 907.

An amended petition filed after the expiration period relates back to the filing of the original petition where plaintiff's claim is not substantially changed. Continental Ins. Co. v. Norman, 71 Okla. 146, 176 P. 211; United States Fire Ins. Co. v. Whitchurch, 138 Okla. 182, 280 P. 834; Westchester Fire Ins. Co. of New York v. Federal Nat. Bank, 135 Okla. 47, 273 P. 889; Home Insurance Co. v. Whitchurch, 139 Okla. 1, 281 P. 234; Security Ins. Co. of New York v. McAlister, 139 Okla. 176, 281 P. 766; Metropolitan Life Ins. Co. v. Keith, 187 Okla. 684, 105 P. 2d 528.

In United States Fire Ins. Co. v. Whitchurch, supra, we said:

"The amended petition did not state a new or different cause of action; it sought to recover upon the same policy, same parties plaintiff and defendant, the same fire, and the same property destroyed."

The fact situation in the case at bar is somewhat analogous to that in United States Fire Ins. Co. v. Whitchurch, supra, and the additional description of the lots and the property insured did not change the claim of plaintiff or add anything to the claim tending to confuse or mislead the defendants. In fact, the record clearly discloses that the defendant at all times since the fire was in complete possession of all the facts relating to the destruction and damage of the property.

We conclude, therefore, that the amendment of October 24, 1940, was an amendment amplifying and correcting the same claim of the plaintiff and the filing of the subsequent action on December 9, 1940, after the voluntary dismissal on October 24, 1940, was within time and this conclusion finds support in Parker v. Board of County Commissioners of Noble County, 176 Okla. 130, 54 P. 2d 1034; De Roberts v. Cross, 23 Okla. 888, 101 P. 1114; Claussen v. Amberg, 172 Okla. 197, 44 P. 2d 92; Smith v. Westgate Oil Co., 175 Okla. 573, 53 P. 2d 1090; Meshek v. Cordes, 164 Okla. 40, 22 P. 2d 921; Stevens v. Dill, 142 Okla. 138, 285 P. 845; Haught v. Continental Oil Co., 192 Okla. 345, 136 P. 2d 691; U. S. Fire Ins. Co. v. Whitchurch, supra; and Importers and Exporters Ins. Co. v. Farris, 181 Okla. 339, 73 P. 2d 831.

Defendant has cited and relies upon several cases, among them Whalen v. Gordon, 75 Fed. 305; Brickley v. Finlay (Tex. Civ. App.), 143 S. W. 2d 433; Kansas Gas & Electric Co. v. Evans, 100 Fed. 2d 549, and Springer v. Roberts, 151 Kan. 971, 101 P. 2d 908. All of these cases have been noticed. Some of them differ in fact situation and at least one of them is based upon a rule differing from that in our own jurisdiction. Springer v. Roberts, supra. This is the sole issue presented in the allegations of error and the brief of the defendant.

The judgment of the trial court is affirmed.

OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.