**METROPOLITAN LIFE INS. CO. v. PLUNKETT.**

No. 17654.   Opinion Filed Jan. 10, 1928.

Rehearing Denied March 6, 1928.

(Syllabus.)

1. **Insurance—Action on Life Policy—Suicide as Defense—Question for Jury on Conflicting Evidence.**

In an action on a life insurance policy, void on suicide of the insured, sane or insane, where the evidence is such that the minds of reasonable men might differ as to whether death was accidental or suicidal, held, the issue whether insured committed suicide was for the jury.

2. **Same—Evidence—Burden of Proof as to Insanity.**

The law presumes every person sane, and casts the burden of establishing insanity on the one asserting its existence.

3. **Same—Evidence of Insanity Necessary to Warrant Instruction as to Presumption Against Suicide not Obtaining.**

Before the jury should be instructed that the presumption against suicide would not obtain if the insured at the time of his

death was insane, there must be some substantial evidence of insanity.

4. **Same—Burden of Disproving Suicide not Cast upon Beneficiary by Adverse Ex Parte Statement of Physician.**

Where the proof of death furnished contains an ex parte statement of the attending physician that the death of the insured was caused by suicide, the same is not sufficient to cast upon the beneficiary the burden of proving that insured did not commit suicide.

5. **Same—Death Certificate of Physician Stating Death Was Suicidal not Admissible.**

Where a death certificate filed with the Bureau of Vital Statistics contains a statement of the attending physician that the cause of death was suicide, such death certificate is not admissible in evidence in an action upon an insurance policy for the purpose of showing suicide.

6. **Evidence—Hearsay—Testimony of Third Person as to Statements Made by Party.**

Statements of a party to a suit to a third person, which are mere hearsay, cannot be proved by such third party, where no predicate is laid for the introduction of same for impeachment purposes; conclusions of such third person, based on such statements, are inadmissible.

Commissioners' Opinion, Division No. 2.

Error from District Court, Pottawatomie County; Charles C. Smith, Assigned Judge.

Action by Lydia Plunkett against Metropolitan Life Insurance Company. Judgment for plaintiff, and defendant bring error. Affirmed.

W. L. Chapman and Embry, Johnson & Tolbert, for plaintiff in error.

Park Wyatt, for defendant in error.

DIFFENDAFFER, C.   Action upon a policy upon the life of Horace L. Plunkett. The policy provided that if the insured, within one year from the date of issue, die by his own hand or act, whether sane or insane, the policy should become null and void, and the company would return only the premiums which had beeen received thereunder.

Plaintiff was the beneficiary. The defense was suicide within the one-year period. The policy was issued on the 25th day of February, 1920. Insured died on the 27th day of April, 1920, apparently from the effects of carbolic acid poison. Shortly before his death he was alone in his store, and there is no direct evidence as to the drinking of the carbolic acid. The testimony

established fairly satisfactorily that death was caused by carbolic acid taken internally, but whether intentionally or accidentally, thinking he was drinking Jamaica ginger, which the testimony shows he was in the habit of drinking, was a litigated question. The theory of the defense was that Plunkett, laboring under (a suicidal mania, purposely took his own life. Some evidence of a very cogent nature was given in support of that theory, so much so that appellant insists now, as it did below, that a verdict for defendant should have been directed. Although the evidence in support of the defendant's theory was strong, it did not sufficiently exclude the idea that insured may have taken the acid by accident or mistake, thinking he was drinking Jamaica ginger, as was his habit, to justify the court to direct a verdict for defendant.

It was not error to refuse the peremptory instruction, unless we can hold that the presumtion against suicide was overcome, so as to cast upon the plaintiff the burden of showing that insured did not commit suicide. ,

When this case was before this court on appeal before, from an order granting the plaintiff a new trial when the contention was, as now, that the evidence disclosed clearly and unmistakably that the deceased committed suicide, this court held: "Upon an issue of suicide self-destruction is never presumed." Metropolitan Ins. Co. v. Plunkett, 109 Okla. 148, 234 Pac. 722. See, also, Penn. Mutual Life Ins. Co. v. Spaulding, 50 Okla. 307, 150 Pac. 494.

It is contended, however, that the presumption against suicide was overcome in the evidence: First, by the statement of the attending physician, in the proof of death, that the cause of death was "suicide," "carbolic acid"; second, by the statement of the physician in the death certificate, filed with the Bureau of Vital Statistics, that the cause of death was "suicide"; third, by the evidence offered for the purpose of proving that deceased was insane.

As to the statement in the proof of death, we think defendant's contention cannot be upheld under the rule laid down by this court (Modern Brotherhood of America v. White, 66 Okla. 241, 168 Pac. 794), where this court held:

"Where the beneficiary in furnishing proof of death as provided by the policy forwards an ex parte statement of an acting coroner, that the death of the insured was caused by suicide, the same is not sufficient to cast upon the beneficiary the burden of proving that the insured did not commit suicide."

As to the statement in the death certificate, we think this court has decided against defendant's contention in Oklahoma Aid Ass'n v. Thomas, 125 Okla. 190, 256 Pac. 719, where this court held that a certified copy of such certificate was not admissible in evidence for the purpose of showing suicide.

The evidence discloses that deceased was engaged in the mercantile business; owned the building in which his business was conducted, worth about $3,000; his stock was worth about $15,000; he owed about $7,000; his business was prosperous. He was a big, strong man, thirty-four years of age, was of a happy, good-natured temperament, devoted to his family; his family relations were pleasant. On the morning of his death, which occurred about 8:30 a. m., he was in his usual good humor; talked and joked with his neighbors; none of his family or friends noticed anything unusual in his conduct.

The evidence touching the mental condition of deceased was, in substance, that about two months before his death, deceased told his banker, in substance, that his friends had gone back on him; that they did not have any confidence in him any more, and he believed some of his friends were trying to undermine him; that he expressed himself on that subject several times; about a month before his death he told his banker that, in his opinion, we were going to have a great panic, and he wanted to get his business in shape to be ready for it; that deceased was nervous for some weeks before his death; that some three months before his death, his wife had had smallpox, and had been quarantined; after that he would not allow his wife to make his bed for fear he might become infected with that disease; that he was afraid that he might contract cold, "flu," or pneumonia, or some infectious disease, and was in the habit of disinfecting his store every day.

Based upon this evidence, defendant requested the court to give the following instruction:

"You are instructed that if Horace L. Plunkett was insane at the time of his death, then the presumption against suicide does not obtain, and if he voluntarily took his own life, the plaintiff cannot recover more than the premiums on the policy, with interest at six per cent. per annum."

This instruction was refused, and defendant assigns this ruling as error.

It is error to refuse such instruction

where it is admitted, or where the evidence shows that the insured was insane. Mutual Ben. Life Ins. Co. v. Davies, 87 Ky. 541, 9 S. W. 812; Wasey v. Trav. Ins. Co., 126 Mich. 119, 85 N. W. 459.

But where the evidence of insanity is weak and inconclusive, so much so that. if a jury should return a special verdict finding the deceased to have been insane, it would be difficult to justify it, it is not error to refuse such instruction. Van Norman v. Modern Brotherhood of America (Iowa) 121 N. W. 1080.

The evidence of insanity in the instant case is so weak and inconclusive that a special finding of insanity could not be upheld.

The question of sanity or insanity of the deceased is not decisive of the case. For suicide, whether sane or insane, would be sufficient to limit the liability of defendant to a return of the premiums paid.

It is, however, of material weight and aid in determining the vital questions whether deceased did commit suicide, whether Plunkett was of sound or unsound mind at the time of his death, and whether or not he did commit suicide were clearly questions for the jury.

In the Van Norman Case, supra, it was said:

"The law presumes every person sane and casts the burden of establishing insanity upon the party who asserts its existence. * * *"

It was not error to refuse the instruction.

We next consider the assignment based on the rejection of certain evidence offered by defendant. It is contended that the court erred in rejecting the offer of defendant in evidence of the printed instructions on the blanks furnished by defendant upon which to make proof of death. There is no contention that "due proof of death" was not received by defendant, and as these instructions were no part of the proof, we see no error in rejecting them.

Defendant offered to prove certain statements, alleged to have been made by plaintiff, a few days after the death of her husband, to one Walter Ross, who was the pastor of the church to which deceased had belonged, and of which plaintiff was a member. Defendant sought to prove these statements by Ross, as direct evidence. The alleged statements were what she had said as to what she thought of the mental condition of her husband, and of what some of the neighbors had done or said about having

taken a vial away from deceased about a month before his death. Defendant also sought to prove by this witness that he, the witness, understood from what plaintiff had said to him that the vial contained carbolic acid, and that they were afraid he would make an attempt upon his life.

This evidence was objected to as incompetent, irrelevant, and immaterial and hearsay, and an attempt to impeach the witness, without a predicate having been laid; and for the further reason that the statements, if made, would be privileged in that they were made to a minister of the gospel and the minister of her church, while he was calling upon her in that capacity for consolation and sympathy.

The objection was sustained and the evidence excluded. No predicate was laid for the introduction of this as impeaching testimony, and it was therefore incompetent for that purpose. We do not think it was competent for any other purpose.

Part of the evidence offered was hearsay, and a part was a mere conclusion of the witness based on these hearsay statements. We think there was no error in excluding this evidence.

Defendant also urges error in the instructions. The instructions given were substantially the same as were approved by this court in Penn. Mutual Ins. Co. v. Spaulding, 50 Okla. 307, 150 Pac. 494. In addition to the instructions following those given in the Spaulding Case, supra, the court gave one offered by defendant, wherein the jury was instructed:

"The presumption against suicide or self-destruction is rebuttable and may be overcome by evidence; and where uncontroverted evidence, whether direct or circumstantial, shows how death was caused, and that it was self-inflicted, and not an accident or act of another, such presumption cannot prevail; and in this case, if you find that the evidence shows that the insured, Horace L. Plunkett, came to his death by voluntarily and intentionally drinking carbolic acid, whether sane or insane, then the plaintiff is not entitled to recover more than the premiums paid on the policy, in the sum of $58.-15."

There was no error in the instructions.

The judgment of the trial court should be affirmed.

HERR, HALL, JEFFREY, and REID, Commissioners, concur.

BENNETT, Commissioner, dissents.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 650, §450. (2) 37 C. J. pp. 618, 619, §415; anno. 36 L. R. A. 726; 14 R. C. L. p. 622. (3) 37 C. J. p. 654, §453. (4) 37 C. J. p. 619, §416. (5) 37 C. J. p. 633, §435. (6) 22 C. J. p. 199, §167; p. 485, §588.