## NEW YORK LIFE INS. CO. v. GIBBS.

No. 25158. April 21, 1936.

W. F. Wilson, W. F. Wilson, Jr., and Louis H. Cooke, for plaintiff in error.

Mounts & Chamberlin, for defendant in error.

BAYLESS, J. The plaintiff in error, New York Life Insurance Company, a corporation, was named defendant in an action instituted in the district court of Tillman county, Okla., by Margaret Gibbs, as plaintiff, who is defendant in error in this court. The parties will be referred to herein in the respective positions that they occupied in the trial court.

The defendant issued a policy of life insurance upon the life of Henry A. Gibbs, the plaintiff's husband, and plaintiff is named beneficiary therein. In addition to the ordinary life insurance coverage, the policy provided for what is commonly known as double indemnity under certain conditions. Self-destruction, while sane or insane, was specifically excepted from the double indemnity coverage.

The insured suffered from hemiplegia for several years prior to his death, and the effect of this disease was to render practically useless the left side of his body. On the day of his death he was seated in his automobile and was overseeing the picking and loading of cotton on one of his farms, and while doing this was observed to be in the act of cleaning an automatic pistol. A negro woman employee was loading cotton on a truck and had just spoken to insured about her duties when she heard a pistol shot and was struck by a bullet. She screamed, and almost instantly thereafter a second shot was heard. When persons arrived at the scene the insured was found slumped in his car, with a bullet wound above the right temple. He died within a few hours.

The defendant, upon due proof of death, paid the plaintiff $3,000, the face of the ordinary life insurance policy, but denied liability under the double indemnity provision. All of this was done by agreement of the parties without prejudice to the right of the plaintiff to sue or the defendant to defend. The issue between the parties was whether insured's death was from accidental causes or suicide.

The defendant makes five assignments of error, three of which relate to the action of the trial court in refusing to admit in evidence the coroner's jury's verdict: one relating to the contention that insured's death was either suicide or caused approximately or primarily by his diseased condition, and one relating to defendant's contention that

insured's death occurred while engaged in or related to a criminal assault upon the body of his employee.

Section 4191, O. S. 1931, requires the coroner to file in the office of the clerk of the district court the verdict of the jurors. Section 337, O. S. 1931, provides that the books and records required by law be kept by the clerk of the district court, or a certified copy thereof under certain circumstances, may be admitted in evidence. The general rule of law is that the verdict of a coroner's jury is not admissible in a case of this kind. 68 L. R. A. 285, and annotations, and 6 A. L. R. 540, and annotations. This court has held in keeping with this rule on analogous matters, and in Oklahoma Aid Ass'n v. Thomas, 125 Okla. 190, 256 P. 719, we held that the attending physician's proof of death filed with the Bureau of Vital Statistics, as required by law, was not admissible in evidence, and likewise in Metropolitan Life Ins. Co. v. Plunkett, 129 Okla. 292, 264 P. 827. We can see no difference in principle, and hold that the trial court correctly ruled in this respect. This rule is not affected by the contention made that plaintiff included a copy of the coroner's jury's verdict in the proof of death which she furnished at the request of the defendant and in keeping with the requirements of the policy. We held this in Modern Woodmen of America v. White, 66 Okla. 241, 168 P. 794. The trial court did not err in refusing to admit in evidence such parts of the depositions offered as related to or attempted to show this verdict of the coroner's jury. A party who has taken a deposition to be used as evidence in the trial of a case may omit parts which he regards incompetent, where the effect thereof is not to destroy the context or sense of the witness's testimony, and may object to the admissibility of such incompetent testimony when it is offered by the opposing party. 18 C. J. 347; 8 R. C. L. 1165.

We will next discuss the defendant's contention that insured either committed suicide or came to his death from an accidental discharge of the pistol proximately caused by his paralytic condition which disqualified him from safely handling a pistol or dangerous weapon. Under all of the evidence we must say that the issue of suicide was properly submitted to the jury, and we cannot interfere with its verdict based upon the evidence in this record. We said in Metropolitan Life Ins. Co. v. Plunkett, supra, that in an action on a life insurance policy the issue of suicide, sane or insane, where the evidence is such that the minds of reasonable men may differ as to whether the death was accidental or suicidal, was one to be determined by the jury. We decline to interfere with jury's verdict in this respect.

As to the question of law and fact presented by the question of the extent to which his diseased condition contributed to cause his death by the accidental discharge of the pistol, we must say that the cases cited by the defendant are not applicable or persuasive. As we read those cases, they all present situations where the death was caused by the concurrence of the disease and the accident, or where it was apparent beyond question that the diseased condition primarily initiated the chain of circumstances resulting in the death. The argument of the defendant goes beyond any position justified by the facts in this case or the authorities which it cites. Defendant argues that the insurance disqualification to possess or handle a firearm was so apparent as to amount to an uncontradicted fact and to become, therefore, a question of law for the court. The evidence does not justify this argument. The record discloses that the insured habitually carried a pistol for his protection when he was handling large sums of money in the cotton seasons. No previous accidents or mishaps with firearms are shown and no witness testified to the insured's disability in this respect.

The last contention of the plaintiff relates to the alleged violation of the laws of Oklahoma by the insured of which his death was a part of the res gestae. It is asserted in the argument that insured came to his death while in the process of committing a criminal assault upon one of his employees by means of this pistol. This is purely argumentative and without basis of fact. No motive for committing such assault is shown and no intention to commit such an assault is shown.

The plaintiff raised a preliminary question relating to the right of the defendant to contest liability in this case under a so-called "incontestability clause" of the policy. Because of the view that we have taken of the contentions of the defendant, we deem it unnecessary to discuss this question.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., and BUSBY, J., absent.