The TRAVELERS PROTECTIVE ASSOCIATION OF AMERICA, a corporation, Appellant,

v.

Juanita Fay MANSELL and Watts Funeral Home, Incorporated, a corporation, Appellees.

No. 46188.

Supreme Court of Oklahoma.

Sept. 16, 1975.

John C. Harrington, Jr., Lytle, Soule & Emery, Oklahoma City, for appellant.

Donald E. Marrs, Oklahoma City, for appellee, Juanita Fay Mansell.

Custer W. Sandlin, Oklahoma City, for appellee, Watts Funeral Home, Inc.

BARNES, Justice:

This was an action commenced by Appellant, The Travelers Protective Association of America, a corporation, to determine its liability under the provisions of its agreement with its member, Jackie Wayne Mansell, who died December 12, 1970. The Appellant denied that the death of the decedent was caused by, or resulted from, bodily injuries received through violent, external and accidental means, independently of all other causes.

The petition, as amended, named as defendants, Betty Jo Kitchens, former wife of the decedent, who would have been entitled to receive the benefits of such membership had she been married to the decedent at the time of his death and had such benefits been payable under the terms of the membership; Juanita Fay Mansell, as

mother of Jackie Wayne Mansell, who would be entitled to receive such benefits were they payable under the terms of the membership; and Watts Funeral Home, Incorporated, by reason of its having advised Appellant that it had assignments covering a portion of the membership benefits signed both by Betty J. Mansell, nee Kitchens, and Juanita Mansell.

At the time of the death of Jackie Wayne Mansell, he had a Certificate of Membership in The Travelers Protective Association of America, a corporation, which provided that he would be entitled to such benefits as may be provided for Class "A" members in and by the Constitution, By-Laws and Articles of Incorporation of the Association.

Benefits were provided "for Class 'A' members . . . whenever a member . . . shall, through external, violent and accidental means, receive bodily injuries which shall independently of all other causes result in any of the following losses: . . . In case of death by accidental means—not to exceed $5,000.00."

The issue between the parties is whether insured Jackie Wayne Mansell's death was from accidental causes or suicide.

The case was tried to a jury and the jury returned a verdict against Appellant Insurance Company and in favor of Appellees in the amount of $2,500.00.

Appellant appealed, alleging three principal errors:

(1) Admission in evidence of the Death Certificate of Jackie Wayne Mansell, because it contained hearsay statement that the death was due to an "accident."

(2) Admission in evidence of the testimony of the decedent Mansell's sister regarding her deceased brother's intent to pay for some proposed surgery on her blind right eye.

(3) In determining that the evidence was sufficient to sustain the verdict.

That there was no competent evidence before the jury to the effect that the decedent's death was accidental.

■ We agree with Appellant's first contention that the trial court reversibly erred in allowing the Death Certificate into evidence because it contained "hearsay" in the certifying physician's conclusion that the carbon monoxide asphyxia was due to an "accident."

In *New York Life Ins. Co. v. Gibbs*, 176 Okl. 535, 56 P.2d 1179 (1936), we said:

"The general rule of law is that the verdict of a coroner's jury is not admissible in a case of this kind. * * * (citations). This court has held in keeping with this rule on analogous matters, and in *Oklahoma Aid Ass'n v. Thomas*, 125 Okl. 190, 256 P. 719, we held that the attending physician's proof of death filed with the Bureau of Vital Statistics, as required by law, was not admissible in evidence, and likewise in *Metropolitan Life Ins. Co. v. Plunkett*, 129 Okl. 292, 264 P. 827. We can see no difference in principle, and hold that the trial court correctly ruled in this respect."

■ Appellees contend that, even if Mansell's Death Certificate was inadmissible because it contained the opinion that his death was accidental, Appellant did not properly object to its admission. On the contrary, Appellant repeatedly objected to the admission of the Death Certificate for the reason that "the plaintiff objects particularly to any portion of the exhibit which is not a fact and is a conclusion." And the trial court acknowledged the specificity of the objection by stating: "I understood all that when I overruled your objection."

The Supreme Court of Ohio in the case of *Carson v. Metropolitan Life Ins. Co.,* 156 Ohio St. 104, 100 N.E.2d 197, 28 A.L. R.2d 344 (1951), answered this question in

a case having similar facts to this case in the following manner:

"The record affirmatively shows that the court appreciated and realized that the plaintiff was objecting to the admission of the exhibits solely upon the ground that they contained the statement that the insured had committed suicide.

"We are of the opinion, therefore, that the plaintiff saved her point of alleged error and that there is squarely before us the question of whether that part of the exhibits in which it is stated that the insured was a suicide was admissible and whether its admission constituted reversible error."

█ Appellant's second contention relates to a claimed mistake made by the court in not striking testimony of Mansell's sister regarding her deceased brother's stated intent to pay for some proposed surgery on her blind right eye. In overruling plaintiff's objection' to the testimony, the trial court correctly recognized its relevancy to the fundamental factual issue in the case—whether or not Mansell committed suicide—and told the jury: "Plaintiff has challenged the accidental nature of the death involved, and the frame of mind of the deceased prior to the time of his death, and his hopes and aspirations and plans in that event seems to me . . . (go) to the state of mind of the (decedent) prior to the time and at the time of his death. . . ." This not only makes sense to us, but it comports with the view of other courts. *Travelers' Ins. Co. v. Bancroft*, 65 F.2d 963 (10th Cir. 1933), *cert. denied*, 290 U.S. 680, 54 S.Ct. 103, 78 L.Ed. 587 (1933). Hence we find no merit to this second proposition.

Due to the fact that we have found that the court committed reversible error in admitting the Death Certificate and are remanding for a new trial, it would be inappropriate to rule on the sufficiency of the evidence at this time.

Certiorari granted, the decision of the Court of Appeals and judgment of the trial court are reversed, and the case is remanded to the trial court for a new trial.

All Justices concur.