**Rick McFEELY and Vicki McFeely, Appellants,**

v.

**Donald R. TREDWAY, M.D., an individual; Joseph M. Best, an individual; Michael Hill, an individual; Joel Shere, an individual; David Gunsberg, an individual; and Patrick Kernan, an individual, Appellees,**

**Hillcrest Fertility Center, Inc., an Oklahoma corporation; Hillcrest Medical Center, Inc., a corporation existing under the laws of the State of Oklahoma; John C. Goldthorpe, an individual; Mark Ambrosius, an individual; and Jim Tanner, an individual, Defendants.**

**No. 71302.**

Court of Appeals of Oklahoma, Division No. 2.

Aug. 14, 1990.

Rehearing Denied Oct. 1, 1990.

Certiorari Dismissed Sept. 16, 1991.

Tom C. Lane, W.C. "Bill" Sellers, Inc., Sapulpa, for appellants.

Jerry Stritzke, Joseph Sharp, Best, Sharp, Sheridan & Stritzke, Tulsa, for appellee Tredway.

Phil R. Richards, Richards, Paul, Richards & Siegel, Tulsa, for appellee Best.

Joseph R. Farris, Feldman, Hall, Franden, Woodard & Farris, Tulsa, for appellees Hill, Shere and Gunsberg.

Patrick H. Kernan, pro se.

MEANS, Judge.

Plaintiffs appeal various orders of the trial court dismissing defendant attorneys, disqualifying Plaintiffs' attorney and his firm, and imposing sanctions on Plaintiffs'

attorney. Having reviewed the record and applicable law, we affirm in part, reverse in part, and remand.

This action arose as satellite litigation emanating from Plaintiffs' original lawsuit against defendants Hillcrest Medical Center, Hillcrest Fertility Center, Donald R. Tredway, M.D., John C. Goldthorpe, and Mark Ambrosius. (See companion case No. 71,174). Before summons was served on these defendants, Plaintiffs, through their counsel, furnished to Hillcrest Medical Center, Hillcrest Fertility Center and Dr. Tredway written authorizations and requests for release of their medical records. Dispute over the release of these records formed the eventual basis for the suit now before us.

Plaintiffs' petition alleged that, although the health care defendants and their attorneys represented to Plaintiffs' counsel that all medical records had been produced, the records furnished to Plaintiffs' counsel were incomplete in violation of the duty imposed by 76 O.S.Supp.1985 § 19(A) to produce all medical records upon patient request.

The trial court found "that attorneys have no duty to see that their clients provide medical records under Title 76 O.S. Section 19 [*sic.*]," sustained a motion to dismiss as to defendant Hill, and dismissed the remaining defendant attorneys on its own motion. The court also sustained Defendants' joint motion to disqualify Plaintiffs' counsel based on DR 5–101(B), 5 O.S.1981, ch. 1, app. 3. Finally, the court granted a motion to strike the Plaintiffs' prayer for $10,000,000 in damages, as violating 12 O.S.Supp.1987 §§ 2008(A)(2) and 2009(G), and sanctioned Plaintiffs' counsel. From these rulings, Plaintiffs appeal.

Plaintiffs contend that sustaining defendant attorneys' motions to dismiss was improper because, under the notice pleading provisions of Oklahoma's Rules of Civil Procedure, 12 O.S.Supp.1987 §§ 2001–2027, the petition stated sufficient facts to put defendants on notice as to Plaintiffs' claims. The court's ruling, however, was not based on insufficiency of notice but rather on a finding that the facts pleaded

demonstrated no basis for imposing a duty on the attorneys under section 19. The court thus concluded that the petitions failed to state a claim against the attorney defendants upon which relief could be granted to Plaintiffs.

76 O.S.Supp.1985 § 19(A), provided:

Any person who is or has been a patient of a doctor, hospital or other medical institution shall be entitled to obtain access to the information contained in all his medical records upon request, and shall be furnished copies of all records pertaining to his or her case upon the tender of the expense of such copy or copies.

■ We initially note that the asserted duty on the part of defendant attorneys was not grounded in any provision of our Discovery Code, 12 O.S.Supp.1987 §§ 3201–3215, which is designed to expedite the resolution of litigation that has been fully initiated. Here, the purported duty violation occurred after the filing of the petition but before summonses were served on the primary defendants. At that point in time, the primary defendants had not been notified that they had been sued, nor had counsel entered appearances. The course of events had not yet reached the point where counsel would be required or expected to participate in the formal, statutory trial discovery process.

■ Examining section 19, we find no mention or implication of any duty imposed on attorneys to see that their clients provide medical records. Nor do we find any private right of action against attorneys implied in the statute. *See Holbert v. Echeverria,* 744 P.2d 960 (Okla.1987). To the contrary, the legislature provided for a penal remedy in 76 O.S.Supp.1986 § 20, categorizing the violation of section 19 as a misdemeanor and negating the implication of some private right of action.

Plaintiffs cite Cressman, *The Prima Facie Tort Doctrine in Oklahoma,* 56 Okla. B.J. 1759 (1985), as justification for their cause of action. However, they offer no explanation for the doctrine's applicability

to the specific facts of this case. We therefore find their argument without merit.

■ We do find, however, that the trial court did not give full consideration to Plaintiffs' contention that their petition alleged causes of action in fraud and conspiracy sufficient to withstand Defendants' motions to dismiss. A review of the amended petition leads us to find that the court failed to "take the allegations of the [petition] at face value and [to] construe them most favorably to the pleader." *Huxall v. First State Bank*, 842 F.2d 249 (10th Cir. 1988). Title 12 O.S.Supp.1987 § 2008(A), under "General Rules of Pleading," requires:'

A. CLAIMS FOR RELIEF. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim or third-party claim, shall contain:

1. A short and plain statement of the claim showing that the pleader is entitled to relief; and

2. A demand for judgment for the relief to which he deems himself entitled.

The Committee Comment, 12 Okla.Stat. Ann. § 2008 (West Supp.1989) observes:

Adopted with almost no changes from Federal Rule of Civil Procedure 8, this section is the essence of a simplified pleading code. By substituting the requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" for a recitation of "facts constituting a cause of action," the rule narrows the function of pleadings to that of giving "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 [78 S.Ct. 99, 103, 2 L.Ed.2d 80] (1957). This acknowledges that modern devices such as discovery, pretrial conferences, and summary judgments are more effective methods of performing the functions of disclosing the factual and legal issues in dispute, pretrial planning, and disposing of frivolous or unfounded claims and defenses which historically were performed by the pleadings. See generally C. Wright, Law of Federal Courts 438–40 (4th ed. 1983). By omitting any reference to facts, the Oklahoma Pleading Code, like the Federal Rules of Civil Procedure, avoids the confusion and controversy as to distinctions between evidence and conclusions of law, which were improper matters to be pleaded under the former scheme, and ultimate facts, which were proper items to be pleaded. Section 2008 does not prohibit the pleading of facts or conclusions of law as long as the pleading gives fair notice of the nature of the claim asserted. See *Davis v. Passman*, 442 U.S. 228 [99 S.Ct. 2264, 60 L.Ed.2d 846] (1979); *United States v. Employing Plasterers Ass'n*, 347 U.S. 186, 188–89 [74 S.Ct. 452, 453–54, 98 L.Ed. 618] (1954); 5 C. Wright and A. Miller, Federal Practice and Procedure 133–38 (1969).

In *Gay v. Akin*, 766 P.2d 985, 990 (Okla. 1988), the court acknowledged the Federal Rules as the "progenitor of our pleading code." The court summarized the requirement of section 2008 as follows:

The Federal Rules collectively, and specifically those rules governing pleading, were designed to simplify and modernize the litigation process. Oklahoma's adaptation of the Federal Rules indicates her desire to further these objectives. Federal Rule 8(a)(1), Federal Rules of Civil Procedure, and Oklahoma's counterpart, 12 O.S.Supp.1984 § 2008(A)(1), illustrate the modern code's liberal approach to pleading which requires only a "short and plain statement of the claim" consisting of "simple, concise and direct" averments showing that the pleader is entitled to relief.

*Id.* at 992–93 (footnotes omitted). Particular pleading requirements include "only the degree of specificity necessary to enable the opposing party to prepare his responsive pleadings and defenses." *Id.* at 993 (footnote omitted). Such specifications include time and place, but not evidence or "detailed evidentiary matters." *Id.* (footnotes omitted).

As the comment to 12 O.S.Supp.1987 § 2012 states: "[A] petition should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Committee Comment, 12 Okla.Stat.Ann. § 2012 (West Supp.1989). *See also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Hudson v. Harris*, 478 F.2d 244, 246 (10th Cir.1973) (per curiam). A reading of the petition does not show beyond a doubt that Plaintiff could prove no set of facts which would entitle him to any relief. The petition includes enough specificity to enable Defendants to respond to the allegations of fraud and conspiracy. The trial court therefore erred in dismissing the petition as to those counts, and its order is hereby reversed and the case remanded.

■ Turning to the disqualification of Plaintiffs' counsel, the court's order encompasses both W.C. Sellers and the firm of W.C. "Bill" Sellers, Inc. The basis of the disqualification under the now superseded Code of Professional Responsibility, 5 O.S.1981 ch. 1, app. 3, was DR 5–102(A), which prohibited a lawyer, or the lawyer's firm, from continuing to serve as counsel either if the lawyer learned or if it was obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client. W.C. Sellers' personal and direct involvement in the disputed procurement of the medical records obviously makes him a witness for his client. This disqualification was imputed to his firm under DR 5–102(A) of the Code.

Plaintiffs, however, do not contend that their counsel's firm was erroneously disqualified under the Code, still in effect on the date of the court's order, June 1, 1988. Nor do they argue that W.C. Sellers is not individually disqualified. Rather, Plaintiffs contend that after the effective date of the Rules of Professional Conduct, which replaced the Code, the continued disqualification of the firm is inappropriate.

Rule 3.7 of the Rules of Professional Conduct, 5 O.S.Supp.1989, ch. 1, app. 3–A, became effective July 1, 1988. This is now the applicable trial rule for disqualification of a lawyer as a witness and any imputation thereof to the lawyer's firm. The rule provides:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

It is apparent that the balance of this litigation will be conducted in a time frame subsequent to July 1, 1988, when these new rules became applicable. A review of the hearing transcript does not reveal that the trial judge considered the impact of Rule 3.7 on the disqualification of members of the Sellers law firm after July 1, 1988.

The ruling on the motion to disqualify the firm of W.C. "Bill" Sellers, Inc., is reversed and the case hereby remanded for further consideration under the Rules of Professional Conduct.

Finally, Plaintiffs challenge the trial court's authority to impose sanctions against their counsel. Because counsel has performed the sanction obligation imposed by the court, we consider that issue as moot.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, P.J., concurs.

REIF, J. (sitting by designation), concurs in part and dissents in part.

REIF, Judge, concurring in part and dissenting in part.

I join the majority opinion in all but two respects. First, I would limit affirmance of the trial court's dismissal of the defendant attorneys from plaintiffs' first cause of action to the reason given by the trial court; that is, there is no duty imposed on attorneys under 76 O.S.Supp.1985 § 19(A) to see that their clients provide medical records pursuant to requests by patients. it is sufficient to hold that the trial court was correct on this narrow, dispositive issue

and further construction of the statute is unnecessary.

Second, the sanction against plaintiffs' attorney for pleading a specific amount of damages in excess of $10,000 was unjustified in view of (1) the prompt amendment to conform the prayer for damages to the statutory directive, (2) no showing of bad faith on the part of plaintiffs' counsel and (3) the total absence of any substantial prejudice to the defendants. Nothing more than speculation surrounds the impact of a single small newspaper article that does little more than report the commonplace event of the *filing* of a lawsuit. Given the fact that the imposition of such sanctions for such minor defalcations is susceptible to repetition if not corrected, I cannot agree that the issue is moot. It should be addressed.