Dear Representatives Bastin,
¶ 0 This office has received your request for an official Opinion addressing, in effect, the following questions:
 1. Does 76 O.S.Supp. 1995, § 19(A), which imposes duties upon certain enumerated medical providers to provide patients or former patients access to their medical records and furnish them with copies at no more than twenty-five cents per copy, apply to persons or entities who provide copies to patients or former patients but who are not listed in the statute?
 2. Are the cost limitations set forth in 76 O.S.Supp. 1995, § 19(A) applicable to persons or entities, other than those enumerated in 76 O.S.Supp. 1995, § 19(A), who provide copies of patient medical records to attorneys or insurance companies who represent patients or former patients?
 I.
¶ 1 Your questions are apparently prompted by the practice of some medical providers of hiring copy services to provide medical records to patients or former patients rather than performing the function themselves.[1] The first issue is whether those copy services are subject to certain duties imposed by the Oklahoma statute which governs access and permissible charges for medical records.
¶ 2 The statute states, in relevant part:
 Any person who is or has been a patient of a doctor, hospital or other medical institution shall be entitled to obtain access to the information contained in all the medical records of the person upon request, and shall be furnished copies of all records pertaining to that person's case upon request and upon the tender of the expense of such copy or copies. Cost of each copy shall not exceed twenty-five cents ($0.25) per page. The physician, hospital or other medical professionals and institutions may not charge a fee for searching, retrieving, reviewing and preparing medical records of the person in order to determine which medical records are to be copied.
76 O.S.Supp. 1995, § 19[76-19](A) (emphasis added).
¶ 3 This statute, by its plain language, imposes a duty upon hospitals or other medical professionals and institutions to provide access to and copies of records to patients and former patients. Bettis v. Brown, 819 P.2d 1381, 1383 (Okla.Ct.App. 1991). This duty is not imposed by the statute upon others who may obtain the records from a medical provider and provide access or copies to patients or former patients. See McFeely v.Tredway, 816 P.2d 575, 577 (Okla.Ct.App. 1990) (no duty was imposed by statute on attorneys for medical providers to provide access or copies to medical providers' patients).
¶ 4 A construction of the statute which would impose duties upon those other than the specific medical providers enumerated violates fundamental rules of statutory construction. It is well-established law in Oklahoma where the language of a statute is plain and unambiguous and its meaning clear, no rules of construction are used and its evident meaning must be accepted.Cave Springs Public School District v. Blair, 613 P.2d 1046,1048 (Okla. 1980) If a statute contains no inconsistent provision, no ambiguities, or uncertainties, no occasion exists for application of rules of construction and statutes will be accorded meaning as expressed by language therein employed. Id.
Here, the Legislature plainly and unambiguously imposed the duty of providing access and the limitation on copying costs only on delineated medical providers. Because it is presumed that the Legislature intended what it expressed, and because there exists no ambiguity or uncertainty, there is no principle of statutory construction which would permit us to impose upon persons or entities not delineated in the statute the duties set forth in the statute. See Darnell v. Chrysler Corporation, 687 P.2d 132
(Okla. 1984).
¶ 5 Additionally, this statute is a penal statute. "Any person refusing to furnish records or information required in [Section 19] shall be guilty of a misdemeanor." 76 O.S. 1991, § 20[76-20].
Penal statutes are to be strictly interpreted and "words not found in the text of a criminal statute will not be read in for the purpose of extending it or giving it an interpretation in conformity with a supposed policy." Hisel v. State,264 P.2d 375, 385 (Okla.Crim.App. 1953). Under this rule of statutory construction, the duties to provide access and copies must fall only upon those persons specifically listed in the statute. Without such limitation, penal sanctions could be applied to persons having no notice of the potential consequences. Such an impermissible result must be avoided. The duties imposed by the medical records access statute, 76 O.S.Supp. 1995, § 19[76-19](A), do not apply to persons or entities, such as copy services, not enumerated in the statute.
¶ 6 The determination that persons other than the enumerated medical providers are not covered by the statute does not relieve the enumerated medical providers from the duty to provide access and copies at the statutorily regulated price. In a prior Attorney General Opinion in which the question was whether a medical provider could refuse to make copies but rather permit a patient access to the provider's copy machine we opined: "It is apparent that the statute . . . mandatorily requires that the physician, hospital or other practitioner of the healing arts personally comply with the terms regarding production of medical records. . . ." A.G. Opin. 86-85. Even if a copy service can be found to be an agent of a medical provider, contracting to the copy service does not relieve a medical provider of the duty to provide copies "to a patient asking for copies of his or her own records, upon proper tender of the statutory expenses for providing such copies." Id.
 II.
¶ 7 Because we have determined that 76 O.S.Supp. 1995, §19[76-19](A) is not applicable to persons or entities not enumerated in the statute, the cost limitation set forth in the statute does not apply to persons or entities not listed in the 76 O.S.Supp.1995 § 19[76-19](A) when those entities provide copies to attorneys or insurance companies who represent a patient or former patient.
¶ 8 We again note that this opinion in no way authorizes medical providers enumerated in the statute to delegate their statutory duties of providing copies at the regulated rate to a copy service which may or may not voluntarily comply with the statute. The medical provider may not refuse to provide requested copies if the requesting patient, former patient, or authorized agent does not wish to obtain the records through a copy service.
¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The medical records access statute, 76 O.S.Supp. 1995, § 19(A), is inapplicable to persons or entities not specifically enumerated in the statute who provide copies of medical records to patients or former patients of medical providers. However, under the terms of 76 O.S.Supp. 1995, § 19(A) and 76 O.S. 1991, § 20[76-20], a medical provider may not refuse to provide copies of records to a patient or a former patient who requests copies and tenders the statutory cost to the medical provider.
 2. Because the medical records access statute, 76 O.S.Supp. 1995, § 19(A), does not apply to persons or entities not specifically enumerated in the statute, the cost limitation set forth in the statute does not apply to persons or entities, other than those enumerated in the statute, who provide copies of patient medical records to attorneys or insurance companies who represent patients or former patients. The medical provider may not refuse to provide requested copies if the requesting patient, former patient, or authorized agent does not wish to obtain the records through a copy service.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN GROVER HARRIS ASSISTANT ATTORNEY GENERAL
[1] Your question did not inquire about, nor does this Opinion address, the issue whether a medical provider may provide patient records to a copy service. Rather, it addresses your question — whether a copy service, having obtained the medical records, is covered by the medical records access statute.