2006 OK CIV APP 148

**Windle Lee FUCHS and Anna O. Radgowski Harlow, Individually and as Next Friends of Steven Radgowski, Melissa Hunter, Teresa Wright, and Michael Hunter, Deceased, Plaintiffs/Appellants,**

v.

**FLEETWOOD HOMES OF TEXAS, Kidde Fyrnetics, and Maxey Mobile Homes, Defendants/Appellees.**

No. 101,780.

Court of Civil Appeals of Oklahoma, Division No. 4.

Oct. 31, 2006.

Windle Lee Fuchs, Anna O. Radgowski Harlow, Oklahoma City, OK, Plaintiffs/Appellants Pro Se.

Charles F. Alden, Alvin R. Leonard, Alden & Leonard, Oklahoma City, OK, for Defendant/Appellee Fleetwood Homes of Texas.

Stephen L. Olson, Haven Tobias, Pierce Couch Hendrickson Baysinger & Green, L.L.P., Oklahoma City, OK, for Defendant/Appellee Maxey Mobile Homes.

Opinion by DOUG GABBARD II, Presiding Judge.

¶ 1 Plaintiffs, Windle Lee Fuchs and Anna O. Radgowski Harlow, appeal the trial court's dismissal of their wrongful death/products liability lawsuit against Defendants, Fleetwood Homes of Texas, Kidde Fyrnetics, and Maxey Mobile Homes. The trial court held that Plaintiffs' lawsuit was time-barred. We affirm.

### FACTS

¶ 2 On September 20, 2000, a mobile home fire killed four persons related to Plaintiffs. One day short of two years later, on September 19, 2002, Plaintiffs filed a document in the District Court of Oklahoma County. The document was styled, "Windle Lee Fuchs Jr. & Anna O. Radgowski Harlow vs. Fleetwood Homes of Texas, Kidde Fyrnetics & Maxey Mobile Homes," was titled "Entry of Appearance," and recited the following:

> I hereby notify the clerk that I am appearing pro se as the Windle Lee Fuchs Jr. & Anna O. Radgowski Harlow, Petitioner in this case.... All notices regarding the case should be sent to me at the address below. If my mailing address changes, I will promptly notify the clerk in writing of my new address.

Plaintiffs did not issue summons or file any other document within two years of the fire. However, this "Entry of Appearance" contains a certificate of mailing stating that it was mailed to the parties.[1]

---

**1.** The document is labeled "Rule 1.301, Form No. 2" and appears to be the sample form found in Okla. Sup.Ct. R. 1.301, "Forms," for use as a *pro se* entry of appearance on appeal.

¶ 3 Almost one year later, on August 5, 2003, Plaintiffs retained counsel and filed a document entitled, "Amended Petition." This pleading is regular in form and contains assertions that four victims died in the fire, that the fire was caused by a defect in the mobile home, and that the home was manufactured by Fleetwood and sold by Maxey. Plaintiffs also asserted the home's smoke alarms, which were manufactured and sold by Kidde, failed to work. Plaintiffs issued summons, which were served upon the Defendants.

¶ 4 Defendants moved to dismiss the lawsuit on the ground that the two-year statute of limitations had expired before the action was filed. They asserted the lawsuit had not been commenced until the amended petition was filed, almost a year after the limitations period had expired. Additionally, Fleetwood filed a special appearance, asserting no summons had ever been issued or served on it.

¶ 5 Plaintiffs responded, asserting that they timely commenced the action by filing the "Entry of Appearance," and that their amended petition related back to the original filing. According to an affidavit from Plaintiff Fuchs, Plaintiffs filed the "Entry of Appearance," paid a $96 fee, and asked a court clerk if the case was deemed filed, to which the clerk "assured me everything was fine but that I needed to send the Defendants notice of the lawsuit." Plaintiffs then sent a copy of the "Entry of Appearance" and a letter to each of the defendants by certified mail. The letter to Fleetwood stated it was being written "to inform you that you are being sued for Product Liability & Wrongful Death" and that "The mobile home in question caught fire." The letters to the other Defendants were similar. Plaintiffs assert that Defendants must have received notice of the lawsuit from the initial "Entry of Appearance" and letter, because Fleetwood contacted and deposed them in October 2002.

¶ 6 On October 29, 2003, Plaintiffs dismissed without prejudice their claims against Fleetwood and Maxey. Nevertheless, the following day the trial court granted Fleet-

wood and Maxey judgment. On November 9, 2004, the trial court vacated its judgment and issued an order giving effect to Plaintiffs' dismissal without prejudice.

¶ 7 Plaintiffs then refiled their action within one year, making the same allegations. Plaintiffs once again were representing themselves *pro se*, as they are in this appeal. Defendants filed motions to dismiss/motions for summary judgment, again asserting the statute of limitations period had expired.

¶ 8 In an order filed January 12, 2005, the trial court granted judgment in favor of Defendants. The trial court specifically held that Plaintiffs' lawsuit was barred by the statute of limitations. Plaintiffs now appeal.[2]

## STANDARD OF REVIEW

■ ¶ 9 "Summary judgment is used to reach a final judgment where there is no dispute as to any material fact," *Indiana Nat'l Bank v. State Dep't of Human Servs.*, 1993 OK 101, ¶ 10, 857 P.2d 53, 59; and where one party is entitled to judgment as a matter of law. *Sellers v. Okla. Pub. Co.*, 1984 OK 11, ¶ 23, 687 P.2d 116, 120. We review a grant of summary judgment *de novo*. *Young v. Macy*, 2001 OK 4, ¶ 9, 21 P.3d 44, 47. Summary judgment on a limitations defense is appropriate where the evidence is sufficient to support a finding of fact of the time bar and where the evidence establishes there is no dispute as to when the limitations period began to run. *MBA Commercial Const. v. Roy J. Hannaford Co.*, 1991 OK 87, ¶ 10, 818 P.2d 469, 472–73.

## ANALYSIS

■ ¶ 10 The issue presented by this appeal is whether Plaintiffs filed their original lawsuit within the time period provided by law. Title 12 O.S.2001 § 95 states that civil actions for torts may only be brought within two years after the cause of action accrues. This statute also applies to products liability cases. See *Kirkland v. General Motors*

**2.** For convenience, we have generally referred to Defendants collectively. The third defendant, Kidde Frynetics, does not appear to have made any filings in the case and is not a party to this appeal. While the trial court's order does not specifically state judgment was granted to Kidde, it appears the judgment was intended to apply to all parties. We therefore conclude this appeal should go forward.

*Corp.,* 1974 OK 52, 521 P.2d 1353. Title 12 O.S.2001 § 1053 states that wrongful death actions "must be commenced within two (2) years." Thus, Plaintiffs' wrongful death/products liability lawsuit was subject to a two-year statute of limitations.[3]

¶ 11 Did Plaintiffs file or commence their lawsuit within two years after their cause of action accrued? "A civil action is commenced by filing a petition with the court." 12 O.S. 2001 § 2003. According to 12 O.S.2001 § 2008(A), a pleading which sets forth a claim for relief shall contain:

> 1. A short and plain statement of the claim showing that the pleador is entitled to relief; and
>
> 2. A demand for judgment for the relief to which he deems himself entitled. Every pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,-000.00), except in actions sounding in contract.

■ ¶ 12 This statute does require courts to construe pleadings to do substantial justice, 12 O.S.2001 § 2008(F); and to place the spirit of the law above strict compliance with the letter of the law. *Niemeyer v. U.S. Fidelity and Guar. Co.,* 1990 OK 32, ¶ 6, 789 P.2d 1318, 1321. Furthermore, our rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Indiana Nat'l Bank v. State Dep't of Human Servs.,* 1994 OK 98, ¶ 4, 880 P.2d 371, 375–76.

■ ¶ 13 Nevertheless, to be sufficient under the Oklahoma Pleading Code, a petition must disclose "the existence of the necessary elements of a legally recognized claim or cause of action." *Miller v. Miller,* 1998 OK 24, ¶ 15, 956 P.2d 887, 894 (quoting George B. Fraser, "The Petition Under the New Pleading Code," 38 Okla. L.Rev. 245, 246 (1985)). The function of the petition is to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Committee Comment to Section 2008, 12 O.S.A. § 2008 (West 1993), quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957). This means the petition must only contain the degree of specificity necessary to enable an opposing party to prepare a response, including time and place. *McFeely v. Tredway,* 1990 OK CIV APP 71, 816 P.2d 575.

■ ¶ 14 In this case, however, Plaintiffs' "Entry of Appearance" does not meet either statutory requirement under even the most liberal view, nor does it give "fair notice of the claim" or "the grounds upon which it rests." It does not disclose any details about a claim, such as time and place. It does not indicate why Plaintiffs are entitled to relief, or what relief they seek. It does not contain a demand for judgment or the amount sought. It simply states that Plaintiffs are entering an appearance *pro se* in a case in which Fleetwood, Kidde, and Maxey are named as Defendants. We conclude that the filing of Plaintiffs' "Entry of Appearance" did not commence the lawsuit, and, therefore, the lawsuit is barred because it was not filed within the two-year statutory period.[4]

¶ 15 In their brief-in-chief, Plaintiffs argue that the "Entry of Appearance" was equivalent to a petition. However, they have not cited a single authority in support of this statement. Under Supreme Court Rules, argument without supporting authority will not be considered. Okla.Sup.Ct.R. 1.11(k)(1). The fact that Plaintiffs are representing themselves does not excuse them from the requirements of appellate procedures because a party proceeding *pro se* in a civil action is held to the same standards as an attorney. *Funnell v. Jones,* 1985 OK 73, ¶ 4, 737 P.2d 105, 107. Nevertheless, we have no authority for the proposition that the "Entry

---

3. In their brief, Plaintiffs incorrectly argue that the statute of limitations for products liability cases is five years. They also incorrectly argue this case is governed by the ten-year limitations period in 12 O.S.2001 § 109, which is only applicable to improvements to real property.

4. Plaintiffs did not assert they attempted to file their letter along with the "Entry of Appearance." Therefore, the issue of whether the letter, if filed, would have been sufficient to meet the requirements of a petition is not before us.

of Appearance" was "equivalent" to filing a proper lawsuit.

¶ 16 Our courts are committed to the policy that every party be afforded a fair opportunity to present his or her side of a cause. *Burroughs v. Bob Martin Corp.*, 1975 OK 80, ¶ 23, 536 P.2d 339, 342. However, fairness applies to all parties. As the Oklahoma Supreme Court stated in *Pryse Monument Co. v. District Court of Kay County*, 1979 OK 71, ¶ 5, 595 P.2d 435, 438 (quoting *Joint Anti–Fascist Refugee Committee v. McGrath*, Douglas, J., concurring, 341 U.S. 123, 129, 71 S.Ct. 624, 652, 95 L.Ed. 817 (1951)):

> Fundamental fairness in litigation process cannot be afforded except within a framework of orderly procedure. No area of the law may lay claim to exemption from the range of its basic structures.... "It is procedure that spells much of the difference between rule by law and rule by whim or caprice. Steadfast adherence to strict procedural safe-guards is our main assurance that there will be equal justice under law."

¶ 17 The Oklahoma Legislature has established time periods within which lawsuits must be filed. In this case, Plaintiffs were required to file their action within two years of the injury. They failed to do so. Their amended petition, although sufficient to meet the statutory requisites, was filed after the two-year period had expired and was too late.[5] Dismissing the lawsuit and refiling within one year as provided by 12 O.S.2001 § 100, the saving statute, did not cure the defect because § 100 requires that the original filing be "within due time."

¶ 18 Because Plaintiffs' lawsuit was not filed within the two-year statutory period, the trial court properly granted Defendants' motions to dismiss.

---

**5.** Plaintiffs' amended petition did not relate back to the filing of the "Entry of Appearance." In order for the claim in an amended pleading to relate back, the amended claim must "[arise] out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." 12 O.S.2001 § 2015(C). Plaintiffs' "Entry of Appearance" did not set forth or attempt to state any conduct, transaction, or occurrence for which they sought recovery from Defendants. This statutory requirement preserves

## CONCLUSION

¶ 19 The trial court's decision is affirmed.

¶ 20 AFFIRMED.

REIF, J., concurs, and RAPP, V.C.J., dissents.

the case law rule that "[w]here the original petition wholly fails to state a cause of action, it will not arrest the running of limitations, and an amendment made after the bar of the statute is complete will be regarded as the beginning of the action in reckoning the statutory period of limitation." *Fowler v. City of Seminole*, 1950 OK 97, 217 P.2d 513 (syllabus 1); *see also Murray v. McGehee*, 1926 OK 644, 249 P. 700; *Burke v. Unger*, 1923 OK 89, 212 P. 993.